## 53830. JESUP CARPET FACTORY OUTLET, INC. v. KEN CARPETS OF LAGRANGE, INC.

DEEN, Presiding Judge.

The appellee filed an action on account against Lewis Sharpe d/b/a Carpet Factory Outlet of Jesup. Sharpe, who had been personally served, answered denying that the debt was owed by him. On November 8, 1974, the plaintiff, by agreement of counsel, substituted in place of Sharpe the appellant "Jesup Carpet Factory Outlet, Inc." and the court on the same day, apparently treating the pleading as a motion, ordered that it be granted. Jesup Carpet Factory Outlet, Inc. was not served and filed no answer,

but in March, 1976, denominating itself as defendant, it filed a pleading requesting a stay on account of bankruptcy proceedings. No order was taken or exception preserved regarding this.

On either May 31 or June 1, 1976, the case was called for trial. The defendant made no appearance. The court on motion struck the answer of Lewis Sharpe and entered a default judgment against him. Sharpe's subsequent motion to set aside the judgment on the ground that it was entered by mistake was granted and another order entering judgment by default against the appellant was entered. The corporation's motion to set aside was denied and this judgment forms the basis of the appeal. *Held:*

1. The appellant complains that its answer should not have been stricken, that the case should have been submitted to a jury, and that it was error to enter the judgment without prior notice to it. However, appellant overlooks the fact that it filed no answer, the answer having been filed by Lewis Sharpe for whom it was later substituted as defendant. This in itself raises a jurisdictional question. It was held in *Lamas Co. v. Baldwin,* 120 Ga. App. 149 (169 SE2d 638) that where the action was brought against Arthur Lamas d/b/a Lamas Construction Co., the court could not over the objection of the corporation strike Lamas as a party and substitute the corporation as defendant in its stead, adding that a corporation is a separate and distinct legal entity from a natural person, and that "even under Code Ann. § 81A-121 process and service are still essential to the court's jurisdiction in the absence of waiver." Here, however, no objection is urged either on account of lack of service of process or on the ground of illegal substitution of parties. The substitution pleading recites that it is by consent of the parties, and it is accompanied by an order of court. See in this regard *Pascoe Steel Corp. v. Bd. of Education,* 139 Ga. App. 87 (2) (227 SE2d 887). Service was acknowledged by the defendant's attorney and "all other service and notice" was waived. Finally, the corporate defendant later filed a request for stay in bankruptcy showing that it considered itself a party to the litigation, and it has never raised any question of jurisdiction over its person. The jurisdictional questions

must accordingly be treated as being waived. Code § 81A-112 (b). Since it was in fact, however, a separate entity from Lewis Sharpe, it cannot have the benefit of the answer filed by him personally. Having filed none of its own it was in fact in default when the case was called, and the entry of a default judgment against it was proper. The suit being ex contractu on account and being in default, a jury trial was not required. Code § 81A-155 (a).

2. The appellant contends by brief that the judgment was prematurely entered because the case was on a trial calendar set for June 1, whereas the judgment was in fact entered on May 31. Under the CPA cases must ordinarily be placed on trial calendars with notice given to the parties (see *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603)) and it was always true that where the case was placed on a calendar the litigants had a right to rely on its being tried at the time indicated and no other. *Williams v. Linn,* 108 Ga. App. 629 (3) (133 SE2d 892). Where the case is in default, however, judgment may be taken at any time after the fifteen day period for opening the default as a matter of right has expired. We cannot assume that the judgment was entered at another time than that shown on a trial calendar, since no such calendar is in the record, but the fact would under these circumstances be irrelevant.

3. Lastly, the appellant complains that the judgment was entered on May 31, 1976, and that that day is a legal holiday. Code Ann. § 14-1809 (b). This fact does not, however, render the judgment void. *Hamer v. Sears,* 81 Ga. 288 (6 SE 810); *Freeman v. Beneficial Loan Society of Macon,* 42 Ga. App. 294 (155 SE 786).

The denial of the motion to set aside the judgment was not error for any reason assigned.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED MAY 4, 1977 — DECIDED MAY 13, 1977.

A. G. Wells, Jr., for appellant.
R. L. O'Brien, Jr., for appellee.