## 65482. ROTH v. BILL HEARD CHEVROLET, INC.

CARLEY, Judge.

Appellant executed a "Retail Buyer's Order" by which he agreed to purchase a new automobile from appellee. Pursuant to that agreement, appellant paid appellee a certain amount for the new automobile and "traded-in" an automobile on which he owed Chrysler Credit Corporation a balance of approximately $3,300. Subsequent to the execution of the "Retail Buyer's Order," appellant was notified by Chrysler Credit Corporation that he was delinquent in making payments on the debt secured by the vehicle which he had "traded-in" to appellee. Although appellant claims that it was represented to him that appellee was to assume responsibility for paying Chrysler Credit, appellee contends that, under the terms of the "Retail Buyer's Order," appellant warranted that the trade-in vehicle was free and clear of any liens and that there was no provision for appellee to assume or satisfy the debt owed to Chrysler Credit. Appellant paid the entire amount due to Chrysler Credit and brought suit against appellee, alleging fraud and seeking actual and exemplary damages and attorney's fees. The trial court subsequently granted appellee's motion for partial summary judgment as to portions of appellant's fraud claim. Appellant appeals from that order.

It is undisputed that, in the "Retail Buyer's Order," appellant warranted that the trade-in vehicle was free and clear of any liens. It is also undisputed that there was no provision in that document whereby appellee was to assume the obligation to pay the balance of the indebtedness owed to Chrysler Credit. The "Retail Buyer's Order" contained a merger clause which provided that such document represented the complete and exclusive statement of the terms of the agreement between the parties. It is crucial to the resolution of this case to note that appellant elected to affirm rather than to rescind the contract. Compare *City Dodge, Inc. v. Gardner,* 130 Ga. App. 502 (203 SE2d 729) (1973), aff'd., 232 Ga. 766 (208 SE2d 794) (1974). "[W]here the purchaser affirms a contract which

contains a merger or disclaimer provision and retains the purchased articles, he is estopped from asserting that he relied upon the seller's misrepresentation and his action for fraud must fail. [Cits.]" *Kot v. Richard P. Rita Personnel System Intl., Inc.,* 134 Ga. App. 438 (214 SE2d 690) (1975). See also *Brown v. Ragsdale Motors,* 65 Ga. App. 727 (16 SE2d 176) (1941). The trial court did not err in granting appellee's motion for partial summary judgment.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 11, 1983.

*John P. Partin,* for appellant.
*J. Barrington Vaught,* for appellee.