76794, 77080. OUSELEY v. FOSS; and vice versa.
(374 SE2d 534)

BIRDSONG, Chief Judge.

This is: (a) an appeal from an order granting in part appellee/cross-appellant's motion for summary judgment, awarding summary judgment against appellant/cross-appellee as to the issue of damages for lost profits, and (b) a cross-appeal from the trial court's denial in part of appellee/cross-appellant's motion for summary judgment regarding the issues of loss of rental income and attorney fees, after concluding that genuine issues of fact existed as to these issues. Each party has forwarded selected portions of the trial record for our consideration.

J. G. Ouseley, appellant/cross-appellee, the principal stockholder of Carter Custom Carpets, contracted to purchase certain business property from Robert Burton, a realtor, who is now deceased and represented by appellee/cross-appellant, Jim Foss. The contract of sale included a provision wherein Robert Burton warranted that, as of the date of the execution of this contract, "there are no written leases involving any tenant on the subject premises, other than Carter Cus-

tom Carpets." This agreement was entered into on December 5, 1981. Either prior or subsequent to executing the contract, Ouseley and R. Burton visited Mr. Spade, the then-owner of Solar Corporation, which was occupying the building along with Ouseley and another tenant. Ouseley informed Spade that he intended to buy the building and required occupancy of Solar's premises within 60 days thereafter. Spade voiced no objection and stated that he was moving out anyway. At some point, R. Burton orally stated to Ouseley that Solar had no "lease." At the time the contract was entered, Ouseley believed that R. Burton was the sole owner of the premises, and the contract of sale on its face reflects that the only parties thereto are the individuals R. Burton and Ouseley. Subsequently Ouseley learned, following a title examination of the property, that appellee Arthur A. Burton also owned an undivided interest in the premises. Thereafter, a warranty deed from Robert and Arthur Burton to Ouseley was executed conveying the property. Contemporaneously with the warranty deed, Robert and Arthur Burton executed an affidavit, dated December 24, 1981, wherein they averred that "there are no written leases affecting any of the buildings on the subject premises except for the existing lease with Carter Custom Carpets, Inc. and deponents hereby reaffirm that there are no other written leases in effect on the subject premises. . . ."

However, previously on August 11, 1977, Robert Burton had executed a written lease transferring right of possession in a certain portion of the property to Kay Solar Systems, Inc. This lease had a termination date of August 31, 1980; it also contained options for renewal for an additional seven-year period and vested the lessee with the right of assignment. Kay Solar System extended this lease for two years through August 31, 1982. On August 26, 1981, Kay Solar Systems, Inc., assigned the above lease to Solar Corporation of America. This assignment was in writing and with the express consent of Robert Burton who signed the assignment document as "Lessor." Solar Corporation was given a five-year lease renewal option. Ouseley did not learn of these leasehold documents until after the sale was consummated. Solar Corporation refused to vacate the premises, and Ouseley initiated a lawsuit to regain possession of the premises. Subsequently, Solar Corporation filed for bankruptcy and appellant's suit was automatically stayed. Ouseley finally obtained possession of the premises from Solar Corporation on May 1, 1984. Ouseley contends that he suffered loss of profit due to appellee/cross-appellant's breach of contract, because in January 1982, he could have purchased and operated a certain cotton rug-making business on the premises occupied by Solar Corporation. He further contends that the cotton rug business continuously operated at an unspecified amount of profit before appellant executed the sales contract with Robert Burton, dur-

ing the time appellant was attempting to obtain possession of the premises from Solar Corporation, and after appellant became owner thereof.

## I. Case No. 77080

Cross-appellant Jim Foss, as administrator of the estate of Robert Burton, deceased, asserts an enumerated error that the trial court erred in holding that the issues of fact were in dispute in regard to cross-appellee Ouseley's claim for loss of rental income and attorney fees when it denied cross-appellant/appellee's motion for summary judgment as to these two issues.

Cross-appellant asserts that Ouseley was required under Georgia law to make an election of remedies and that since he elected not to rescind the contract, the precedent of this court in *Potomac Leasing Co. v. Thrasher*, 181 Ga. App. 883 (354 SE2d 210) is controlling. In *Potomac* this court held that with certain exceptions not here applicable ". . . Georgia law recognizes that two actions are equally available to one who was fraudulently induced by misrepresentations into entering a contract. The defrauded party can 'affirm the contract and sue in contract for breach or he (can) seek to rescind the contract and sue in tort for alleged fraud and deceit. [Cits.]' However, depending upon which of the two actions is ultimately pursued, the presence of a merger clause in the underlying contract may be determinative as to the successful outcome. If the defrauded party has not rescinded but has elected to affirm the contract, he is relegated to a recovery in contract and the merger clause will prevent his recovery." Id. at 886. This result obtains because " '(w)here the purchaser affirms a contract which contains a merger or disclaimer provision and retains the [purchase], he is estopped from asserting that he relied upon the seller's misrepresentation and his action for fraud must fail.' " *Roth v. Bill Heard Chevrolet*, 166 Ga. App. 583-584 (305 SE2d 31); see *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272, 273 (306 SE2d 362); see generally *Del Mazo v. Sanchez*, 186 Ga. App. 120 (366 SE2d 333).

The contract in this case contains a merger clause and Ouseley made an unequivocal voluntary election to treat the contract as valid. Accordingly, Ouseley, by his election, has circumscribed the proof of any averred claim, grounded on fraud in the inducement, in a manner consistent with the above-cited precedent.

In examining appellant/cross-appellee Ouseley's complaint, however, we are required to construe all pleadings "as to do substantial justice," *Walton v. James & Dean, Inc.*, 177 Ga. App. 77 (1) (338 SE2d 516). In determining whether a complaint has averred facts stating a claim for relief under which recovery could be obtained, "[i]t

is not necessary that the complaint be perfect in form . . . it is necessary only to place the defendant on notice of the claim against him." Id. Moreover, "[i]f the pleadings carry out their function of providing reasonable notice and can be supported by evidence at trial, such pleadings, no matter how meager or unskillfully drawn, will be sufficient to carry the action to trial or at least to a hearing on the merits of the case." Davis & Shulman, Ga. Prac. & Proc. (5th ed.) § 7-4. Appellant/cross-appellee's complaint places appellee/cross-appellant on notice of an averred claim based on fraud in the inducement; however, even liberally construing the complaint as required by OCGA § 9-11-1, we find that it is insufficient to place appellee/cross-appellant on notice of any claim grounded on breach of contract. We are aware that appellant Ouseley subsequently attempted to characterize his complaint as alleging "a cause of action for a fraudulent breach of contract." But, the complaint itself, given even the most strained construction in appellant/cross-appellee's favor, fails to notify appellee/cross-appellant of any claim grounded in breach of contract. The complaint could have been drafted to aver a claim based on seller's breach of express warranty, that "[s]eller warrants that, as of the date of the execution of this Contract, there are no written leases involving any tenant on the subject premises, other than Carter Custom Carpets, Inc.," but liberal examination of the document on its four corners fails to reveal even a modicum of notice of any such claim. Accordingly, we are faced with a situation where the sole claim or claims asserted are anchored on the existence of fraud in the inducement of the contract. In such circumstances appellant/cross-appellee is limited by the rule of law evolving from *Potomac Leasing Co.* and *Roth,* supra, as to the type of evidence which is admissible in support of his claim. Viewing the record in this posture, no genuine issue of a material fact exists as to fraud in the inducement. Appellee/cross-appellant was thus entitled to summary judgment.

In view of the above determination, appellee/cross-appellant's other assertions need not be considered.

## II. Case No. 76794

Appellant Ouseley asserts several enumerations of error regarding the trial court's granting a partial summary judgment to appellee Foss on the damages issue of lost anticipated profits. Our disposition of Case No. 77080 renders the matter moot.

*Judgment reversed in Case No. 77080. Case No. 76794 moot. Banke, P. J., and Beasley, J., concur.*

### ON MOTION FOR REHEARING.

Appellant/cross-appellee asserts that this court has overlooked

the doctrine of merger by deed. We find *Jordan v. Flynt*, 240 Ga. 359 (240 SE2d 858), and the cases cited by appellant/cross-appellee in its motion to be distinguishable from this case.

Moreover, examination of the sales contact in toto reveals that under the provisions of paragraph 12 thereof, it was the parties manifest intent that the provisions of the sale contract would continue in full force and effect "at the time the sale is *consummated*," as it provided for the execution and delivery of such papers as "may be legally necessary to carry out the terms *of this Contract*" at such time. (Emphasis supplied.) That the parties so intended is further evidenced by the affidavits executed by sellers upon purchaser's demand, regarding the status of liens and leases on said property, on the same date as the deed was executed. In interpreting this contract provision, this court has applied the cardinal rule of construction by ascertaining the "intention of the parties." OCGA § 13-2-3. The principle of merger by deed has no application in those situations, as here, where the parties have reserved by the terms of their sales contract, that the provisions thereof are to survive deed execution. *Jordan*, supra at 362 (1); *P.B.R. Enterprises v. Perren*, 243 Ga. 280, 282 (253 SE2d 765). Accordingly, we are satisfied that the merger clause of the sales contract has survived the subsequent execution of the deed.

Appellant/cross-appellee's other assertions of error also are without merit. Accordingly, we adhere to our opinion.

*Motion for rehearing denied.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 13, 1988 ▮

*James I. Parker*, for appellant.
*Larry J. Barkley*, for appellee.