77040. OMAC, INC. v. SOUTHWESTERN MACHINE & TOOL WORKS, INC.

(374 SE2d 829)

BENHAM, Judge.

Appellant and appellee entered into an agreement whereby appellee manufactured and sold to OMAC certain specified parts made from materials supplied by OMAC. Appellee filed suit to recover monies owed it, and appellant counterclaimed. A jury returned a verdict in favor of appellee, and appellant appeals, contending the trial court erred in charging the jury on the principles espoused in OCGA §§ 11-2-601; 11-2-602; and 11-2-606.

The contested instructions are part of the Sales Article of the Uniform Commercial Code which appellant contends is inapplicable because there was no sale involved. "A 'sale' consists in the passing of title from the seller to the buyer for a price." OCGA § 11-2-106 (1). "Article 2 of the Uniform Commercial Code is expressly limited to transactions involving the sale of goods. [OCGA § 11-2-102]. '(A) contract for services and labor with an incidental furnishing of equipment and materials' is not a transaction involving 'the sale of goods' and is not controlled by the [UCC]. [Cits.]" W. B. Anderson Feed &c. Co. v. Ga. Gas Distrib., 164 Ga. App. 96 (296 SE2d 395) (1982). The record does not contain a contract outlining the parties' duties and responsibilities, but appellee certified that the work performed by it was done on materials supplied by appellant and conformed to blueprints and revisions supplied by appellant. The prices quoted (and presumably charged) by appellee for its work were based upon appellant's supplying the materials. In essence, appellee agreed to perform a service, making appellant's material into the parts appellant needed. Because it used materials supplied by appellant, appellee's prices reflected only the labor cost of making the parts appellant ordered. Inasmuch as appellee sold a service and not goods to appellant, the UCC was inapplicable and the trial court erred in giving the charges excepted to.

Judgment reversed. McMurray, P. J., and Pope, J., concur.

DECIDED OCTOBER 26, 1988.

*Donald D. Rentz*, for appellant.
*Jesse W. Walters*, for appellee.