A91A0141. HEATH v. PEACHTREE PARKWOOD HOSPITAL, INC. et al.
(407 SE2d 406)

CARLEY, Judge.

Appellent-plaintiff brought suit against appellee-defendants, alleging claims for intentional torts and for breach of contract. Appellees answered and, after extensive discovery, moved for summary judgment. The trial court granted summary judgment in favor of appellees as to all claims and appellant appeals.

1. The trial court's order reflects that it "construe[d] the various allegations of [appellant's] complaint to be generally 'medical malpractice actions' against [appellees], and thus, subject to the requirements of law applicable to such actions." In this regard, the trial court erred. Appellant's tort claims are clearly premised upon intentional torts, not upon negligent medical practices. However, the trial court's erroneous construction of appellant's complaint will not mandate reversal if the evidence of record, construed most favorably for appellant, demonstrates that no genuine issue of material fact remains and that appellees are entitled to judgment as a matter of law.

2. According to appellant, she was falsely imprisoned as a psychiatric patient by appellees Emory Hospital, Emory Clinic, Dr. Elizabeth Howell and Dr. Lisa Jones from September 19 until September 22, 1988. It is apparently undisputed that these appellees did detain appellant against her will during that period. However, these appellees introduced *no* evidence that their detention of appellant during that period was either pursuant to an application for voluntary admission as a psychiatric patient secured from her in compliance with

OCGA § 37-3-20 et seq. or pursuant to valid procedural process for her involuntary mental treatment issued by them in compliance with OCGA § 37-3-40 et seq. "Where . . . the detention is not evidenced by some form of objective compliance by the physician with all applicable procedural process requirements, there is a viable claim for false imprisonment." *Williams v. Smith*, 179 Ga. App. 712, 716 (2) (348 SE2d 50) (1986).

"The Code prescribes maximum time limits for the steps leading to treatment, but no minimums. If [a physician believes] that an individual needs involuntary treatment as contemplated by [OCGA § 37-3-40 et seq.], the elapsed time between the patient's arrival at the . . . doctor's office or at the hospital and the [transfer of the patient to an emergency receiving facility] could be no more than the time occupied by [the physician's interview]. We consider that to be the outer limits of due process and are unwilling to reduce the procedural safeguards any further. . . . It is . . . apparent that we cannot permit even well intentioned departures from the statutory scheme for involuntary hospitalization." *Kendrick v. Metro. Psychiatric Center,* 158 Ga. App. 839, 842 (282 SE2d 361) (1982). Thus, appellant could not be lawfully detained against her will during the *entire* three-day period for the purpose of determining whether she should *eventually* be certified for involuntary mental examination and treatment pursuant to OCGA § 37-3-40 et seq.

Since appellees Emory Hospital, Emory Clinic, Dr. Howell and Dr. Jones introduced no evidence that appellant's three-day detention was authorized pursuant to either OCGA § 37-3-20 et seq. or OCGA § 37-3-40 et seq., it follows that the trial court erred in granting summary judgment in their favor as to appellant's claim for false imprisonment.

3. The trial court likewise erred in granting summary judgment in favor of appellee Emory Hospital as to appellant's claim for battery. If appellant was being unlawfully detained against her will, the employees of appellee Emory Hospital had no right to use physical force to prevent her escape and, if they did so, it was an unlawful touching constituting an actionable battery. See generally *Irwin v. Arrendale*, 117 Ga. App. 1, 5 (4) (159 SE2d 719) (1967).

4. The trial court did, however, correctly grant summary judgment in favor of appellees Peachtree Parkwood Hospital, Inc. and Dr. Berito Mena as to appellant's false emprisonment claim. The evidence shows that, from September 22 to September 23, 1988, appellant was lawfully detained, for involuntary medical treatment, pursuant to valid procedural process issued in compliance with OCGA § 37-3-40 et seq. and that, from September 23 to September 28, 1988, she was lawfully detained pursuant to her application for voluntary admission secured in compliance with OCGA § 37-3-20 et seq. "The pro-

cess being valid, and the detention pursuant thereto being lawful, it follows that [the] negligence and motives [of appellee Peachtree Parkwood Hospital, Inc. and its staff physician, appellee Dr. Mena], although [perhaps] relevant to [their] liability for other [possible] causes of action, were irrelevant to [their] liability for the tort of false imprisonment. [Cit.] The trial court did not err in granting [these] appellee[s] summary judgment as to [appellant's false imprisonment claim]." *Williams v. Smith*, supra at 716 (2).

5. The trial court likewise correctly granted summary judgment in favor of all appellees as to appellant's claim for the intentional infliction of emotional distress. The only emotional distress suffered by appellant was in connection with her alleged false imprisonment and she has no separate and independent tort claim for emotional distress. As against those appellees who remain potentially liable for false imprisonment, appellant may seek to recover damages based upon the emotional distress she may have suffered as the result of their tortious conduct. See *Stewart v. Williams*, 243 Ga. 580, 582 (1) (255 SE2d 699) (1979).

6. The trial court also correctly granted summary judgment in favor of appellees Emory Hospital and Peachtree Parkwood Hospital, Inc. as to appellant's contract claims. The only contention as to these appellees is that they exceeded their contractual authority by engaging in intentionally tortious conduct. Accordingly, appellant's claims sound in tort rather than in contract.

7. Remaining enumerations of error need not be specifically addressed.

8. The trial court's grant of summary judgment in favor of appellees is affirmed except as to appellant's claim for false imprisonment against appellees Emory Hospital, Emory Clinic, Dr. Howell and Dr. Jones and as to her claim for battery against appellee Emory Hospital.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 15, 1991 —
REHEARING DENIED JUNE 24, 1991 — 

*M. B. Schildmeyer*, for appellant.

*Allen & Ballard, William L. Ballard, Amy L. Teets, Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, T. Jeffery Lehman, Webb, Carlock, Copeland, Semler & Stair, David S. Thomson, Sullivan, Hall, Booth & Smith, John E. Hall, Jr.*, for appellees.