A94A0742. FIDELITY ENTERPRISES, INC. v. BELTRAN et al.
(447 SE2d 150)

POPE, Chief Judge.

Plaintiff in this legal malpractice action appeals from the trial court's dismissal of its claim. Plaintiff sued defendant lawyer and his firm, alleging that the lawyer's below-standard legal services resulted in plaintiff's loss of a prior law suit. Plaintiff filed an expert affidavit with its complaint as required by OCGA § 9-11-9.1, but defendants challenged the sufficiency of the affidavit in their answer and filed a motion to dismiss. Plaintiff filed a second affidavit in response, and later voluntarily dismissed the case. It then refiled its complaint within six months, with a third affidavit. See OCGA § 9-2-61. Defendants challenged the sufficiency of the affidavit in a motion to dismiss. Plaintiff appeals the grant of this motion to dismiss, and we reverse.

1. Defendants are correct in their assertion that we must examine the sufficiency of the first affidavit submitted. " 'Amended paragraphs (e) and (f) of OCGA § 9-11-9.1 provide that the failure to attach an expert affidavit in a professional malpractice case renders the complaint subject to dismissal and is a defect which cannot be amended except where the failure to attach the (affidavit) "was the result of a mistake," and unless such failure was "the result of a mistake," such complaint shall not be subject to the renewal provisions of OCGA § 9-2-61 after the applicable period of limitation.' [Cit.] 'The renewal statute is available only where the original action was a "valid suit" (cit.); if a complaint is dismissed for a defect that is nonamendable, there is no "valid suit" to be renewed.' [Cit.]" *Lyberger v. Robinson,* 207 Ga. App. 845, 846 (429 SE2d 324) (1993).

2. Plaintiff argues that its first affidavit was sufficient to meet the requirements of OCGA § 9-11-9.1, and we agree. "A Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible. *Bowen v. Adams,* 203 Ga. App. 123, 124 (416 SE2d 102) (1992)." *Gadd v. Wilson & Co.,* 262 Ga. 234, 235 (416 SE2d 285) (1992). While it is not sufficient to sim-

ply state that defendant did not follow the procedures expected of a member of his profession (*Edwards v. Vanstrom*, 206 Ga. App. 21 (424 SE2d 326) (1992)), it is sufficient to state what the defendant did not do that he should have done (or vice versa); it is not necessary to use any magic words or to explicitly state that the specified act or omission violated the applicable standard of care. *Minster v. Pohl*, 206 Ga. App. 617 (4a) (426 SE2d 204) (1992). In short, the affidavit is adequate if, "construing it most favorably for [plaintiff] and resolving all doubts in her favor, it constitutes an affirmation that [plaintiff's] complaint is not frivolous and that, if true, the allegations therein would authorize a recovery for an injury resulting from [defendant's professional] malpractice." *Bowen v. Adams*, 203 Ga. App. at 124.

The sufficiency of plaintiff's original affidavit in this case is a close call, but such calls must go to the plaintiff under *Gadd* and *Bowen*. Construing the affidavit in a light most favorable to plaintiff, it states that as a result of defendant lawyer's failure to consult with his client or interview witnesses prior to trial in the underlying action, defendant failed to introduce documents which were available and were necessary to prove plaintiff's case. This is a specification of a negligent omission with a factual basis. Unfortunately, the affidavit also includes so many useless generalities about the responsibilities of attorneys that it is easy to overlook its crux. However, while the affidavit is poorly drafted and hard to follow, it meets the standard set forth above. Cf. *Samuelson v. Lord &c., Inc.*, 205 Ga. App. 568 (1) (423 SE2d 268) (1992) (affiant's statement that engineer designing roadway "might have recommended that a retaining wall be constructed along the frontage of the . . . property in such a way as to permit continuous pedestrian traffic" but failed to do so was sufficient presentation of negligent omission with factual basis). Accordingly, the trial court erred in dismissing plaintiff's complaint.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JULY 15, 1994 —
RECONSIDERATION DENIED JULY 28, 1994 — 

Daisy F. Peppers, *pro se.*
*Arnold, Golden & Gregory, Michael S. Wakefield*, for appellees.