A94A1375. HUTCHINSON v. DIVORCE & CUSTODY LAW CENTER OF ARLINE KERMAN & ASSOCIATES, P. C. et al.
(449 SE2d 866)

McMURRAY, Presiding Judge.

This is the second appearance of Charlie Mae Hutchinson's legal malpractice action against her former divorce attorney, Arline Kerman, and Ms. Kerman's professional corporation, Divorce & Custody Law Center of Arline Kerman & Associates, P. C. The first appeal, *Hutchison [sic] v. Divorce & Custody Law Center of Arline Kerman &c.*, 207 Ga. App. 421 (427 SE2d 784), involved reversal of an interlocutory order denying Ms. Hutchinson's motion to dismiss Ms. Kerman's premature claim for litigation expenses and attorney fees. This appeal followed an order dismissing Ms. Hutchinson's complaint based on a finding "that the expert affidavit attached to [Ms. Hutchinson's] Complaint as required by O.C.C.A. § 9-11-9.1 is insufficient as it fails to 'set forth specifically at least one negligent act or omission claimed to exist *and the factual basis for each such claim.*' "

Attached to Ms. Hutchinson's complaint is the affidavit of an attorney licensed to practice law in the State of Georgia. This attorney deposed that he is competent to testify as an expert for Ms. Hutchinson because of his long service as a military lawyer, his "vast experience in dealing with the legal issues involved in divorce cases which include military spouses," his membership in the Domestic Relations & Military Law Section of the State Bar of Georgia and his experience in private practice representing military veterans and active-duty personnel. Ms. Hutchinson's expert deposed that the complaint (prepared by Ms. Kerman in Hutchinson's divorce action) indicates that Ms. Hutchinson is the former spouse of a retired military officer; that Ms. Hutchinson "had a substantial interest in her husband's retirement pay and other benefits, including medical care and commissary privileges[; that Ms. Hutchinson] was entitled to [claim] and could have received directly from the Navy a check every month in an amount equal to up to half of her husband's monthly retirement pay[;]" that the divorce petition prepared by Ms. Kerman claimed Ms. Hutchinson's right to said military pension benefits, but that the parties' settlement agreement (incorporated as part of final judgment and decree of divorce) did not contemplate Ms. Hutchinson's right to said pension benefits. Ms. Hutchinson's expert opined that this omission "was the result of inadvertence and neglect on the part of her attorneys, since there is nothing to indicate that Ms. Hutchinson knowingly and intelligently waived the substantial property rights which had been asserted in her petition for divorce." This expert further deposed that "the economic value of said retirement benefits would have disclosed that, over the remainder of Ms. Hutchinson's life, they would have been worth not less that $250,000[; that the]

divorce decree does not show that Ms. Hutchinson received anything of equivalent value which might have formed the basis of an intelligent waiver of her substantial rights under USFSPA[; that it appears that Ms. Kerman] simply forgot about [Ms. Hutchinson's interest in her former husband's military pension benefits; that such] omission certainly failed to comport with the standards of the legal profession generally and in the Atlanta area in particular[; that] Attorney Kerman's representation of [Ms. Hutchinson] fell below the standard of professional skill, care, diligence and performance to which all members of the State Bar of Georgia are held; and that her failure to adequately represent, preserve, protect and enforce her client's substantial property rights under the Uniformed Services Former Spouse's Protection Act constituted professional malpractice as a matter of law." *Held*:

"In *Bowen v. Adams*, 203 Ga. App. 123-124 (416 SE2d 102), this court pertinently held: 'Unlike OCGA § 9-11-56, which imposes an *evidentiary* requirement in the context of summary judgment on the merits, OCGA § 9-11-9.1 merely imposes an initial *pleading* requirement on the plaintiff in a malpractice action. (Cit.) Accordingly, an expert affidavit which would be insufficient to satisfy the evidentiary standards of OCGA § 9-11-56 may nevertheless be sufficient to satisfy the pleading standards of OCGA § 9-11-9.1. (Cit.) The sufficiency of the expert affidavit determines whether the complaint for malpractice "is subject to dismissal for failure to state a claim. . . ." OCGA § 9-11-9.1 (e). When the sufficiency of a plaintiff's complaint to state a claim for relief is questioned by a motion to dismiss, it is to "be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.' Likewise, '(a) Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible.' *Gadd* [*v. Wilson & Co., Engineers & Architects*, 262 Ga. 234, 235 (416 SE2d 285)], citing *Bowen* [*v. Adams*, 203 Ga. App. 123, 124 (416 SE2d 102)]. ' "The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed." ' . . . Although an unfavorable construction of [the expert's] affidavit [in the case sub judice] may be possible, construing it most favorably for [Ms. Hutchinson] and resolving all doubts in [her] favor, it constitutes an affirmation that [Ms. Hutchinson's] complaint is not frivolous and that, *if true*, the allegations therein would authorize a recovery for an injury resulting from [legal] malpractice consisting of [the negligent omission specifically set forth in the expert's affidavit, i.e., Ms. Kerman forgot to advise Ms. Hutch-

inson of (or even contemplate) certain rights Ms. Hutchinson had to her husband's pension benefits before execution of the settlement agreement]. . . . [Ms. Hutchinson] cannot be required to submit an expert affidavit which unequivocally demonstrates the evidentiary merits of her claim unless and until [Ms. Kerman] moves for summary judgment and submits evidence demonstrating that [Ms. Hutchinson's] claim lacks merit.' (Emphasis supplied.) *Bowen*, supra at 124.

"[In the case sub judice, 'it] is clear that the expert affidavit attached to [Ms. Hutchinson's] complaint meets [the] standard [of demonstrating Ms. Hutchinson's legal malpractice claim is not frivolous]. An expert affidavit filed with a complaint pursuant to OCGA § 9-11-9.1 need *not* be based upon the affiant's actual personal knowledge. To the contrary, the affiant may base his expert opinion upon an assumption that the factual allegations of the complaint are true (or upon an assumption that the factual allegations expressly recited in his affidavit and obtained from his attested personal examination of specifically identified . . . documents, whether or not such documents are attached to his affidavit, likewise are true), just as he could base his expert opinion at trial upon an assumption of the truth of the evidence adduced to support those allegations.' Id. at 322." *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 65 (4), 67 (424 SE2d 632).

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

Decided October 6, 1994 —<br>Reconsideration denied October 24, 1994 — 

*Michael N. Mantegna,* for appellant.

*Barksdale & Mobley, M. Scott Barksdale, Steven J. Misner, Arline S. Kerman,* for appellees.