A96A2490. BALA v. POWERS FERRY PSYCHOLOGICAL
ASSOCIATES et al.
(484 SE2d 302)

POPE, Presiding Judge.

Kiran Bala sought psychological counseling for herself and her son from Powers Ferry Psychological Associates, which is alleged to be a partnership whose members include Steven Perlow and Abby L.

Friedman. Bala and her son received counseling directly from Friedman, who is a licensed psychologist. Following this counseling, Bala brought a professional malpractice action, jointly and severally, against Powers Ferry and its alleged partners. She also sued Friedman individually. In her complaint, which was accompanied by an expert affidavit, Bala alleged that all of the defendants were liable to her based on Friedman's disclosure of certain confidential information concerning Bala to an attorney who represented Bala's former husband. Bala's ex-husband later used this information against her during a custody hearing regarding their son.

After answering the complaint, Powers Ferry, Perlow and Friedman filed a motion to dismiss, or in the alternative for summary judgment. Following a hearing on the motion, the trial court dismissed Perlow from the case, finding that he had not been served properly. It then granted summary judgment to Powers Ferry and Friedman, ruling that the expert affidavit filed with the complaint was insufficient to meet the pleading requirements of OCGA § 9-11-9.1.

On appeal, Bala does not contest the dismissal of Perlow or Powers Ferry from the case. Instead, she claims only that the trial court erred in ruling that her expert affidavit was insufficient, and based solely thereon, granting summary judgment to Friedman. We agree and reverse Friedman's dismissal from the case.

1. To begin, we note "that a failure to comply with the pleading requirements of OCGA § 9-11-9.1 would *not* authorize the grant of *summary judgment*. See *Robinson v. Starr*, 197 Ga. App. 440, 441 (2) (398 SE2d 714) (1990). However, we will address the merits of this appeal as if the trial court had dismissed [Bala's] complaint rather than granted summary judgment [to Friedman]." *Druckman v. Ethridge*, 198 Ga. App. 321 (1) (401 SE2d 336) (1991).

2. In doing so, we also note that "[a] Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible." (Citation omitted.) *Gadd v. Wilson & Co. &c.*, 262 Ga. 234, 235 (416 SE2d 285) (1992). As such, we reject Friedman's claim that the expert affidavit filed in this case was insufficient because it set forth an opinion only as to the violation of a professional ethical standard. While it is true that in this state the alleged violation of a professional ethical standard, *"standing alone*, cannot serve as a legal basis for a [professional] malpractice action," see *Davis v. Findley*, 262 Ga. 612, 613 (422 SE2d 859) (1992); *Allen v. Lefkoff, Duncan, Grimes & Dermer, P. C.*, 265 Ga. 374 (1) (453 SE2d 719) (1995), a review of the affidavit in a light most favorable to Bala demonstrates that Bala's expert did not merely opine that Friedman's disclosure of confidential information violated

a professional ethical standard. To the contrary, the affidavit shows that after first outlining his professional qualifications and noting the material he had reviewed (including certain case files, Friedman's deposition and the most recent volume of the Ethical Principles and Code of Conduct of the American Psychological Association), the expert set forth the conduct on Friedman's part that allegedly constituted professional malpractice — the disclosure of certain confidential information. Then, after acknowledging that the Ethical Principles and Code of Conduct of the American Psychological Association contained certain standards that were applicable to the situation at hand, the expert specifically stated that "it is my opinion that Dr. Abby Friedman's disclosure was a deviation from the *standard of care* of a psychologist as set forth by the Ethical Principles and Code of the American Psychological Association." (Emphasis supplied.)

Given a liberal reading, as required, we conclude that this statement could be construed as expressing an opinion that Friedman's disclosure of confidential information concerning Bala violated the standard of care governing all psychologists as memorialized by that profession's ethical code of conduct. This is especially true in light of the fact that the Supreme Court of this state has recognized that professional ethical standards constitute evidence of a common law duty of care so long as they are intended to protect a person in the position of the alleged injured party or are specifically addressed to the particular harm suffered by that party, as is the case here. *Allen*, 265 Ga. at (2) (a)-(c). And given the above interpretation, it is clear that the affidavit meets the requirements of OCGA § 9-11-9.1 because it was provided by "an expert competent to testify" and "set forth specifically at least one negligent act or omission claimed to exist and the factual basis [therefor]." Id. Moreover, the affidavit fulfills the purpose behind OCGA § 9-11-9.1, which "is to reduce the number of frivolous malpractice suits being filed, [and] not to require a plaintiff to prove a prima facie case entitling him to recover[y] and capable of withstanding a motion for summary judgment. . . ." *Druckman*, 198 Ga. App. at 322 (3).

Accordingly, we conclude the trial court erred in ruling that the expert affidavit filed with Bala's complaint against Friedman was insufficient and in dismissing Friedman from the case on that ground.

*Judgment reversed. Andrews, C. J., and Smith, J., concur.*

DECIDED MARCH 7, 1997 —
RECONSIGERATION DENIED APRIL 1, 1997 — ▉

*H. Darrell Greene & Associates, Paul Shimek III*, for appellant.

*Gorby & Reeves, Michael J. Gorby, Martha D. Turner*, for appellees.