A98A0211. McCOMBS v. SOUTHERN REGIONAL MEDICAL CENTER, INC. et al.

(504 SE2d 747)

JOHNSON, Presiding Judge.

Following the grant of her application for interlocutory appeal, Linda McCombs appealed the order of the trial court denying her motion for default judgment against Synthes, Inc., Synthes North America, Inc. and Synthes Ltd., U.S.A. and granting a motion to dismiss filed by Southern Regional Medical Center, Inc. and its parent corporation, Georgia MedCorp, Inc.

Linda McCombs underwent spinal surgery at Southern Regional Medical Center, Inc., a hospital facility owned by Georgia MedCorp, Inc. The surgical procedure involved, inter alia, the installation of a plate device to stabilize her spine. The surgeon installed a plate system manufactured by Synthes (U.S.A.). After experiencing problems with the plate, which she contends was fractured, Linda McCombs brought a product liability suit against Synthes, Inc., Synthes North America, Inc., Synthes Ltd., U.S.A., Synthes Spine Company, L.P., a/k/a Synthes Spine Company L.P., and Synthes (U.S.A.), a/k/a Synthes, U.S.A., alleging strict liability and negligent design, manufacture and testing of the plate system. She also sued all Synthes defendants, Southern Regional Medical Center, Inc., and Georgia MedCorp, Inc., under the Georgia Uniform Commercial Code (OCGA §§ 11-2-314 and 11-2-315) and the Magnuson-Moss Act (15 USC § 2301 et seq.) asserting that these seven defendants had breached implied warranties of merchantability and fitness of the product for a particular purpose. Synthes Spine Company, L.P. was served on November 27, 1996, and the remaining Synthes defendants were served on December 9, 1996.

1. The trial court did not err in dismissing the breach of warranty claims against Southern Regional Medical Center, Inc. and Georgia MedCorp, Inc. Neither did the trial court err in dismissing McCombs' claim under the Magnuson-Moss Act. We will not reverse the correct judgment of a trial court regardless of the reason given therefor. *Shapiro v. Lipman,* 259 Ga. 85, 86 (377 SE2d 673) (1989).

(a) *Magnuson-Moss Act.* As appellant has failed to cite authority or to argue in her brief that the trial court erred in dismissing the Magnuson-Moss Act breach of implied warranty claims, this issue has been abandoned. Court of Appeals Rule 27 (c); compare *Mander-*

*son & Assoc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251) (1989).

Furthermore, the Magnuson-Moss Act, 15 USC § 2311 (b) (2), pertinently provides: "nothing in this title shall . . . impose liability on[ ] any person for personal injury." See *Santarelli v. BP America*, 913 FSupp. 324 (M.D. Pa. 1996) (Magnuson-Moss Act does not create a private independent cause of action for personal injuries that are otherwise state law claims for breach of warranty). The trial court did not err in dismissing the Magnuson-Moss Act claims. OCGA § 9-11-12 (b) (6).

(b) *Dismissal of Breach of Warranty Claims.* The trial court did not err in dismissing the breach of warranty claims against Southern Regional Medical Center, Inc. and Georgia MedCorp, Inc. The two implied warranties at issue arise, if at all, by operation of OCGA §§ 11-2-314 and 11-2-315. However, Article 2 of the Georgia Uniform Commercial Code (UCC) applies to the sale of consumer goods, not to the provision of services. OCGA § 11-2-102. In a hybrid contract for both goods and services, where the predominant element is the furnishing of services, the Georgia UCC is inapplicable. *Mail Concepts v. Foote & Davies, Inc.*, 200 Ga. App. 778, 779 (1) (409 SE2d 567) (1991).

In this case, McCombs did not go to Southern Regional to purchase a cervical plate but to have her spinal problem surgically repaired. Southern Regional furnished its facility for use by her surgeon, and it supplied the requisite underlying support services, including the recovery room, laboratory, pharmacy support, and nursing care, to help facilitate the surgery and her recovery from it. Thus, the transaction at issue was one involving "services and labor with an incidental furnishing of equipment and materials." (Punctuation omitted.) *J. Lee Gregory, Inc. v. Scandinavian House*, 209 Ga. App. 285, 288 (1) (433 SE2d 687) (1993). As such, the Georgia UCC has no application. Id.; see *OMAC, Inc. v. Southwestern Machine &c.*, 189 Ga. App. 42 (374 SE2d 829) (1988).

In these circumstances the trial court did not err in dismissing these counts as a matter of law. OCGA § 9-11-12 (b) (6). We will not reverse the correct ruling of a trial court regardless of the reason given therefor. See *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984); *Tony v. Pollard*, 248 Ga. 86, 88 (1) (281 SE2d 557) (1981).

2. *Denial of Motion for Entry of Default.* McCombs asserts the trial court erred in denying her motion for entry of default against three of the Synthes defendants, because they failed to timely file an answer. We agree.

McCombs alleged breach of warranty against the following seven defendants: Southern Regional Medical Center, Inc., Georgia MedCorp, Inc., Synthes, Inc., Synthes North America, Inc., Synthes, Ltd., U.S.A., Synthes Spine Company, L.P., and Synthes (U.S.A.). There apparently is no dispute on appeal that each named defendant

is a separate legal entity. Plaintiff therefore is entitled to have each defendant respond to each separate averment of her complaint relating to that particular defendant. See generally OCGA §§ 9-11-10 (b); 9-11-12. The answer "is primarily a vehicle for denial"; but under the Civil Practice Act it also can incorporate defenses other than mere denial of allegations. *Knickerbocker Tax Systems v. Texaco*, 130 Ga. App. 383, 384 (2) (203 SE2d 290) (1973), rev'd on other grounds, *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 806 (485 SE2d 22) (1997). "The purpose of [the] answer is to formulate issues by means of defenses addressed to the allegations of the complaint. . . . [I]t is required that an answer contain a statement of facts sufficiently definite so that the plaintiffs will be informed of the defense they must be prepared to meet." (Punctuation omitted.) *Knickerbocker Tax System*, supra at 385 (2). "If in any case an answer has not been filed within the time required by [the Civil Practice Act], the case shall automatically become in default unless the time for filing the answer has been extended as provided by law." OCGA § 9-11-55 (a).

Pleadings are to be construed to do substantial justice. OCGA § 9-11-8 (f). However, justice is not obtained when a pleading is so liberally construed as to circumvent its true intent, especially when the opposing party is thereby deprived of a significant statutory right — as in this case, of having default entered. See generally OCGA § 9-11-55 (a). Averments in a pleading are required to be "simple, concise, and direct." OCGA § 9-11-8 (e) (1). A principal purpose of this requirement is to minimize the risk that an opposing party will be misled either as to the nature or scope of the pleading. When pleadings are unnecessarily complex, confusing as to their scope, or are worded in such a manner as to identify only indirectly issues and parties, litigants are misled and justice thwarted. This type of procedural practice cannot be condoned.

This suit was filed in state court. With certain limited exceptions, the Uniform Rules of Superior Courts are applicable in state courts. Ga. Ct. & Bar Rules, Uniform State Court Rules, p. 4-3. Uniform Superior Court Rule 4.2 (2) pertinently provides: "No attorney shall appear in that capacity before a superior[/state] court until the attorney has entered an appearance by filing a signed entry of appearance form or by filing a signed pleading in a pending action. An entry of appearance and all pleadings shall state: (2) the identity of the party for whom the appearance is made. . . . The filing of any pleading shall contain the information required by this paragraph." And, this information must be averred in a simple, concise, and direct manner. OCGA § 9-11-8 (e) (1). Moreover, "[e]very pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name." OCGA § 9-11-11.

In *Cato Oil &c. Co. v. Lewis*, 250 Ga. 24, 26 (3) (295 SE2d 527)

(1982), the defendant contended that it was not in default because its motion to strike, in effect, was an answer within the contemplation of the Civil Practice Act. In rejecting this argument and concluding that the parenthetical address of a factual contention in the pleading was insufficient to alter its "basic character" as a motion to strike, the Supreme Court observed: "It is usually informative, in determining what a pleading is, to look at what the pleader says it is." Id. Using this guidance, we analyze the answer at issue.

The answer is captioned as "Answer of Defendant Synthes Spine Company L.P." This caption reflects that the answer is that of one and only one defendant, Synthes Spine Company, L.P. The opening paragraph of the answer again refers to a single defendant, Synthes Spine Company, L.P. and states that it files this "its" (not their) answer to plaintiff's complaint. Synthes Spine Company, L.P. also avers in that same paragraph that it has improperly been named as "Synthes, [(]U.S.A.[)], Synthes, Inc.[,] Synthes North America, Inc. and Synthes Ltd., U.S.A." In paragraph 1, first defense, Synthes Spine Company, L.P., avers, "upon information and belief" that "Synthes, [(]U.S.A.[)], Synthes, Inc.[,] Synthes North America, Inc. and Synthes Ltd., U.S.A." do not market, manufacture or distribute the product at issue and that the complaint should be dismissed as to those four entities. Synthes Spine Company, L.P. admits that it is the correct legal entity and states, "[d]efendant now answers this Complaint on behalf of Synthes Spine Company, L.P. which should be substituted for Synthes, [(]U.S.A.[)], Synthes, Inc., Synthes North America, Inc., and Synthes Ltd., U.S.A." Although certain of the remaining paragraphs in the answer refer to "this [d]efendant," paragraph 12 does make a broad reference to "these [d]efendants in this case." Other paragraphs in the complaint refer to "[d]efendant Synthes," and the bottom of each page of the complaint, except the first page, states "[a]nswer of [d]efendant Synthes," and lists the respective page number of the complaint. All references to "[d]efendant Synthes" unequivocally are to Synthes Spine Company, L.P., as evidenced by the general statement in the opening paragraph that Synthes Spine Company, L.P. will hereinafter be referred to as "Synthes," and by the context in which each reference to defendant Synthes Spine Company, L.P. is made. Moreover, the trial court ruled that only paragraph 1, first defense, of the answer constituted the joint answer of all the Synthes entities, thereby implicitly rejecting that the other paragraphs, including those expressly referring to "[d]efendant Synthes," were intended to apply to all the Synthes entities. As stated by the trial court, "[c]learly, beginning with paragraph two, the [a]nswer applies only to the [d]efendant Synthes Spine Company, L.P., and has no relationship to the other [d]efendants."

Even more compelling, especially in view of the requirement of

USCR 4.2 (2), is that the answer is signed by two law firm attorneys who, as officers of the court, identify their representative capacity as, "ATTORNEYS FOR SYNTHES SPINE COMPANY, L.P." (Capitalization in original.) No other Synthes defendant is listed by the attorneys as being represented by them in the answer at issue. Further, the certificate of service bears certification that there has been served a true and correct copy of **"ANSWER OF DEFENDANT SYNTHES SPINE COMPANY L.P."** (Capitalization and bolding in original.) Likewise, this document contains an express statement following the signature of the attorney on the certificate that he and his firm are "ATTORNEYS FOR SYNTHES SPINE COMPANY, L.P." (Capitalization in original.)

Two weeks later, the same law firm and attorney filed a separate answer on behalf of defendant Synthes (U.S.A.) therein asserting that it "opens the [d]efault as a matter of right." This pleading, signed by the same law firm, contains a statement that the firm and attorney are "ATTORNEYS FOR SYNTHES (U.S.A.) and SYNTHES SPINE COMPANY L.P." (Capitalization in original.) This pleading on its face, which does not purport to amend the original answer of Synthes Spine Company, L.P., and which recognizes the default, further evidences that the original answer was only that of Synthes Spine Company, L.P. Moreover, in paragraph 15 of this pleading, Synthes (U.S.A.), contrary to the averment in paragraph 1 of the original answer, "admits that Synthes (U.S.A.) . . . manufactured the plate in question." That same date, the same law firm filed a separate first amendment to the answer of defendant Synthes Spine Company, L.P. This pleading too is signed by the law firm and its attorney as "ATTORNEYS FOR SYNTHES SPINE COMPANY, L.P.," as is its accompanying certificate of service. (Capitalization in original.)

Approximately a month after the trial court entered its order denying the motion to enter default and holding that the first paragraph of the original answer could be "construed" as an answer on behalf of the other Synthes defendants as well as defendant Synthes Spine Company, L.P., three other Synthes defendants then filed a pleading to amend their purported answer. This pleading collectively identifies defendants Synthes, Inc., Synthes North America, Inc., and Synthes Ltd., U.S.A. as "the other Synthes defendants." The pleading is filed by a different law firm and attorney and does not assert that it is a pleading of the defendant Synthes Spine Company, L.P. The record also reveals that by letter addressed to the counsel of plaintiff Linda McCombs, the counsel for Synthes Spine Company, L.P., stated: "However, you have named the correct entity, Synthes Spine Company, L.P. and thus we couched our answer on behalf of that entity."

The standard of review as to this issue is not that of abuse of dis-

cretion. In *Heath v. Peachtree &c. Hosp.*, 200 Ga. App. 118 (1) (407 SE2d 406) (1991) and *Ouseley v. Foss*, 188 Ga. App. 766, 768-769 (374 SE2d 534) (1988), this Court was required to address a trial court's interpretation of a pleading and did not utilize an abuse of discretion standard. But cf. *Howell v. Styles*, 221 Ga. App. 781, 782 (1) (472 SE2d 548) (1996) (holding trial court did not abuse its discretion in failing to treat pro se defendant's answer as a motion to dismiss *or* in failing to dismiss, sua sponte, the complaint). Questions of pleading construction and interpretation present issues of law. Moreover, the operative facts are undisputed; the wording of the pleadings speaks for itself. "[W]hen the operative facts are undisputed and the trial court merely applies a conclusion of law to these undisputed facts . . . , an appellate court owes no particular deference to such legal conclusions." *Garcia v. State*, 207 Ga. App. 653, 654 (1) (a) (428 SE2d 666) (1993) (determining legality of a search); see *Gwinnett County v. Davis*, 268 Ga. 653, 654 (492 SE2d 523) (1997) (no deference is owed to trial court in regard to a question of law). In any event, the trial court's construction of paragraph 1 of the answer is clearly erroneous. It is unreasonable to examine one paragraph out of the multi-paragraphed answer in isolation and conclude that it was intended to be the pleading of all Synthes defendants but that the remainder of the answer was intended to be the answer of only defendant Synthes Spine Company, L.P. This is especially true where, as in this case, both the caption of the pleading and the signature block of counsel of record reveal that the pleading is filed on behalf of only one defendant and the substance of the pleading will harmonize in its totality only if the answer is interpreted as being only the answer of Synthes Spine Company, L.P. "Liberal construction of a pleading does not encompass the imputation or engrafting to a claim of a meaning not reasonably deductible or inferable from the explicit language of the pleading." *Rossville Fed. &c. Assn. v. Ins. Co. of North America*, 121 Ga. App. 435, 439 (2) (b) (174 SE2d 204) (1970). The answer can only be reasonably construed as being the pleading of a *sole* defendant, Synthes Spine Company, L.P.

As the other three Synthes defendants are separate legal entities, they cannot benefit from the answer filed solely by Synthes Spine Company, L.P. And, having filed no answer of their own, Synthes, Inc., Synthes North America, Inc. and Synthes Ltd., U.S.A. were in default. See *Jesup Carpet &c. v. Ken Carpets &c.*, 142 Ga. App. 301, 303 (1) (235 SE2d 684) (1977); see generally OCGA § 9-11-55 (a).

Accordingly, the judgment of the trial court dismissing Linda McCombs' breach of warranty claims under state and federal law is affirmed. The judgment of the trial court denying the motion for entry of default is reversed and the case remanded for consideration

of any pending motion to open default of Synthes, Inc., Synthes North America, Inc. and Synthes Ltd., U.S.A.

*Judgments affirmed in part, reversed in part, and remanded with direction. Pope, P. J., Beasley, Smith, and Ruffin, JJ., concur. Andrews, C. J., and Senior Appellate Judge Harold R. Banke concur in part and dissent in part.*

ANDREWS, Chief Judge, concurring in part and dissenting in part.

I concur with the majority in Division 1 and in the standard of review to be applied. I dissent as to Division 2 in light of the following cases: *Porquez v. Washington*, 268 Ga. 649 (492 SE2d 665) (1997); *Hewett v. Kalish*, 264 Ga. 183 (442 SE2d 233) (1994); *Gadd v. Wilson & Co.*, 262 Ga. 234 (416 SE2d 285) (1992); *Harris v. Murray*, 233 Ga. App. 661 (504 SE2d 736) (1998); *Bala v. Powers Ferry Psychological Assoc.*, 225 Ga. App. 843 (491 SE2d 380) (1997); *Glisson v. Hosp. Auth. of Valdosta &c.*, 224 Ga. App. 649 (481 SE2d 612) (1997); *Vitner v. Miller*, 223 Ga. App. 692 (479 SE2d 1) (1996); *Lee v. Visiting Nurse Health System*, 223 Ga. App. 305 (477 SE2d 445) (1996); *Howard v. City of Columbus*, 219 Ga. App. 569 (466 SE2d 51) (1995); *Sisk v. Patel*, 217 Ga. App. 156 (456 SE2d 718) (1995); *Hutchinson v. Divorce & Custody Law Center*, 215 Ga. App. 25 (449 SE2d 866) (1994); *Fidelity Enterprises v. Beltran*, 214 Ga. App. 205 (447 SE2d 150) (1994); *Minster v. Pohl*, 206 Ga. App. 617 (426 SE2d 204) (1992); *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62 (424 SE2d 632) (1992).

Judge Harold R. Banke, concurring in part and dissenting in part.

I fully concur in division 1. But, because the analysis of the majority devolves into procedural quicksand for the three uninvolved Synthes defendants, and because I believe the trial court did not err in finding that the pleading at issue was an answer for those three defendants, I must dissent.

Although the spirit and intent of the Civil Practice Act require that pleadings be liberally construed in favor of the pleader, the majority ignores that imperative. *Glisson v. Hosp. Auth. of Valdosta*, 224 Ga. App. 649, 654 (1) (481 SE2d 612) (1997). Similarly, the majority disregards our well-established preference that cases be resolved on their merits rather than by default. *Ewing v. Johnston*, 175 Ga. App. 760, 764 (1) (334 SE2d 703) (1985); see *Alex v. Parkway-Boulevard Corp.*, 157 Ga. App. 269, 270 (1) (277 SE2d 276) (1981).

After holding that these three Synthes defendants failed to file any answer whatsoever, the majority remands this case for consideration of a motion to open default. In so doing, the majority seems to suggest that default would be unfair to these three defendants who apparently had nothing to do with the plaintiff's injury. Pinned by an

appellate determination that they completely failed to respond to McCombs' complaint, it is inconceivable to me that these defendants could demonstrate the requisite grounds of "providential cause" or "excusable neglect" or "proper case" necessary to open default. OCGA § 9-11-55 (b). *First Union Nat. Bank &c. v. Floyd,* 198 Ga. App. 99, 101 (2) (400 SE2d 393) (1990) (broad ground of "proper case" does not vest court with discretion to open a default for reasons which fall short of a reasonable excuse for failure to answer).

Not only do I disagree with the majority's result, but also I cannot embrace its analysis. We are bound to liberally construe pleadings to effectuate substantial justice. Having carefully studied the answer at issue in that light, notwithstanding its nomenclature and its confusing references to "Defendant," "Defendant Synthes," and to the other Synthes entities by name, I must agree with the trial court's determination that at least part of it constituted a collective answer of the five Synthes entities.[1] In view of the internal ambiguity in this pleading, I cannot agree that the trial court abused its discretion in determining that this pleading was an answer by the Synthes defendants within the meaning of the CPA. *Howell v. Styles,* 221 Ga. App. 781, 782 (1) (472 SE2d 548) (1996). See *Mills v. Bing,* 181 Ga. App. 475, 476 (1) (352 SE2d 798) (1987); *Tahamtan v. Dixie Ornamental Iron Co.,* 143 Ga. App. 561 (239 SE2d 217) (1977) (pleading requirements to be construed liberally in favor of pleader). See *Bosworth v. Cooney,* 156 Ga. App. 274, 279 (2) (274 SE2d 604) (1980). See also *Brown v. Brown,* 217 Ga. App. 245, 246 (457 SE2d 215) (1995).

Moreover, in reaching its result, the majority relies upon subsequent pleadings of other parties and examines the identity of the law firms and attorneys involved in those pleadings. Yet, inexplicably, the majority cites no precedent which authorizes looking beyond the four corners of a pleading when construing it. I believe that the analysis of the sufficiency of an answer should be confined to that answer read in conjunction with the complaint. See *Mills,* 181 Ga. App. at 476 (1) (content of document determines whether it is a responsive pleading not the document's nomenclature). See *McDonough Constr. Co. v. McLendon Elec. Co.,* 242 Ga. 510, 515 (250 SE2d 424) (1978) (CPA does not penalize irrevocably a party for one misstep in pleading). See OCGA § 9-11-8 (f).

Since the objectives of the CPA are to encourage substantial jus-

---

[1] In various paragraphs, the answer alternately employs "Defendant," "Defendant Synthes," and "these Defendants," and also makes separate references to "Synthes (U.S.A.)," "Synthes, Inc.," "Synthes, North America, Inc." as well as to "Synthes Spine Company, L.P." Synthes Spine appears to denote itself as "Defendant" in paragraphs 1, 2, 7, 9, 11, 15, 39, 41, 42, 44, 45, and 46. Yet, inexplicably, "Defendant Synthes" is the respondent in paragraphs 14-38, 40, 43, 45, and 47. In any event, some paragraphs may be read as a joint answer.

tice and the resolution of controversies on their merits, it is difficult to imagine how these goals will be furthered by placing these three defendants into default with no guarantee that they can extricate themselves. For these reasons, I must respectfully dissent in part.

DECIDED JULY 16, 1998 —

*Martin C. Jones, Sharon S. Whitwell*, for appellant.
*Alston & Bird, Dow N. Kirkpatrick II, Lori G. Baer, Angela T. Burnette, Kilpatrick Stockton, Susan A. Cahoon, Alan R. Perry, Jr.,* for appellees.