S94G0162. HANDSON et al. v. HCA HEALTH SERVICES OF GEORGIA, INC. et al.
(443 SE2d 831)

HUNT, Chief Justice.

We granted certiorari to the Court of Appeals to determine whether the affidavit submitted by the Handsons is sufficient to satisfy the requirements of OCGA 9-11-9.1.[1] We find that it is and reverse the decision of the Court of Appeals.

---

[1] Our inquiry is confined to the question concerning which we granted certiorari, to wit: Whether the affidavit attached to the plaintiffs' complaint was sufficient to satisfy the requirements of OCGA § 9-11-9.1 as to their claim against the osteopathic physician defendant.

Whether the Hansons' action against the various defendants is lacking for some other reason we do not decide. We decide simply that the affidavit was not insufficient for the reasons stated by the Court of Appeals; it sufficiently supported a claim of malpractice as to Dr. Deal. The consequences, if any, of his asserted negligence to the other defendants is not addressed.

On the night of March 1, 1989, Charlena Handson took her six-month-old daughter to the emergency room at Northlake Regional Medical Center. Upon arrival, she informed Joyce Grundhoffer, the emergency room nurse, that her daughter had been irritable and lethargic, had run a temperature of 104 degrees, and had recently been exposed to a child suffering from meningitis. This information was communicated to Dr. Eric Deal, the emergency room physician on duty. Dr. Deal examined the child and ordered blood tests and a sponge bath. A few hours later, Dr. Deal released the Handsons' daughter from the emergency room. Within 24 hours, the child died of bacterial meningitis.

The Handsons filed a medical malpractice suit against Deal, Grundhoffer and HCA Health Services of Georgia, Inc. (HCA), the owner and operator of Northlake Regional Medical Center. Pursuant to OCGA § 9-11-9.1, the Handsons filed the affidavit of Dr. Norman Johnson, an allopathic physician. HCA and Dr. Deal both moved to dismiss the Handsons' complaint on the ground that the Handsons had failed to comply with the requirement of OCGA § 9-11-9.1 that the affidavit be that of a competent medical expert. The superior court denied these motions. On appeal, the Court of Appeals reversed the trial court. The Court of Appeals decided that because Dr. Johnson, an allopathic physician, is a member of a different school of medicine from that of Dr. Deal, an osteopathic physician, it was necessary for the affidavit to establish by competent evidence that the methods of treatment employed by the two schools are the same. It concluded that because the affidavit contained no evidence as to the methods of treatment which would establish a "professional overlap of expertise," the affidavit was insufficient.

OCGA § 9-11-9.1 requires a plaintiff to file an affidavit of an expert "competent to testify" in actions alleging professional malpractice. This is merely an initial pleading requirement, and the complaint will not be subject to dismissal unless the affidavit " ' "disclose[s] with certainty that the plaintiff would not be entitled to relief under any state of provable facts." ' [Cit.]" *Hewett v. Kalish*, 264 Ga. 183, 184 (442 SE2d 233) (1994). The purpose of this statute is to reduce the number of frivolous malpractice suits being filed, not to force a plaintiff to prove in his pleadings a prima facie case entitling him to a recovery. Id. In addition, the expert affidavit should be construed most favorably to the plaintiff and all doubts resolved in his favor, even if an unfavorable construction of the affidavit is possible, so long as such a construction does not detract from the stated purpose of reducing the number of frivolous malpractice suits. Id.

Applying these pleading rules, we find that Dr. Johnson was competent to testify as to Dr. Deal's performance and the Court of Appeals erred in deciding otherwise. Dr. Deal examined and treated the

Handsons' daughter in his capacity as an emergency room physician. Likewise, it was in his capacity as an emergency room physician that Dr. Johnson testified in his affidavit that Dr. Deal had failed to meet the standard of care and skill required of an emergency room physician. There is nothing to suggest that an osteopathic physician who practices emergency room medicine and an allopathic physician who practices in the same field are trained to treat emergency patients with pediatric meningitis differently. Because the requirements of OCGA § 9-11-9.1 and the purpose behind the statute are fulfilled by Dr. Johnson's affidavit, we reverse the decision of the Court of Appeals.

*Judgment reversed and case remanded to the Court of Appeals. All the Justices concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 24, 1994.

*Thomas, Kennedy, Sampson & Patterson, Thomas G. Sampson, Jeffrey E. Tompkins, Melynee C. Leftridge, Divida Gude,* for appellants.

*Gleaton, Scofield, Egan & Jones, Frederick N. Gleaton, Alston & Bird, Judson Graves, Richard R. Hays, Daniel A. Kent,* for appellees.