## A94A0888. CROOK et al. v. FUNK et al.
(447 SE2d 60)

Pope, Chief Judge.

Plaintiff Barbara Crook brought this medical malpractice action against the Medical Center, an acute care hospital, and Drs. Mark Funk and William Macheski and their respective practices seeking damages for the death of her mother, Betty Smith. Plaintiff's complaint alleged that Smith was admitted to the Medical Center's intensive care unit (ICU) on December 14, 1990, complaining of numbness and tingling beneath her heart. She was moved from the ICU on December 16. Dr. Funk initially ordered a treadmill test for Smith but later advised her the test would be postponed due to her weakened condition. However, the test was administered the next day around 11:30 a.m. by Dr. Macheski, and Smith began to experience chest pains immediately afterward. She called the nursing staff for assistance but no one came until around 1:00 p.m. when she began gasping for air and a friend summoned a nurse. She died at approximately 1:40 p.m.

Plaintiff alleged defendants were negligent in failing to properly evaluate Smith's condition, allowing her to undergo a treadmill test in view of her condition, and failing to diagnose and treat her aneurysm (the ultimate cause of her death). Plaintiff filed her complaint several days before the expiration of the statute of limitation and, pursuant to OCGA § 9-11-9.1 (b), timely supplemented her complaint with the affidavit of Dr. Robert Pieroni. Plaintiff also amended her complaint to add other children of the deceased as plaintiffs. Defendants moved to dismiss on the ground Dr. Pieroni's affidavit failed to comply with OCGA § 9-11-9.1. The trial court granted defendants' motions and dismissed the complaint, and plaintiffs appeal.

1. Dr. Pieroni's affidavit stated that a certified copy of Smith's hospital records was attached and incorporated therein. Defendants argue that an expert's affidavit cannot incorporate extrinsic material by reference and that, without such incorporation, Dr. Pieroni's affidavit fails to set forth a sufficient factual basis for plaintiffs' claims of negligence. Plaintiffs, however, contend the affidavit stated a sufficient factual basis even without incorporation of the medical records.

OCGA § 9-11-9.1 (a) provides that: "In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." As defendants correctly note, the expert's affidavit cannot incorporate by reference matters required by OCGA § 9-11-9.1 to be set forth within the body of the affidavit. *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865) (1991), rev'g 197 Ga. App. 543 (398 SE2d 787) (1990).

"[C]onsideration of essential evidentiary matters not included in the affidavit is improper. [Cit.]" *HCA Health Svcs. of Ga. v. Hampshire*, 206 Ga. App. 108, 110 (2) (424 SE2d 293) (1992).

Dr. Pieroni's affidavit stated that Smith was removed from the ICU on December 16, that Dr. Funk ordered a treadmill test which she underwent the next day, and that she experienced chest pains afterward and died at approximately 1:40 p.m. Dr. Pieroni testified that Smith had "severely elevated blood pressure" which Dr. Funk had failed to treat properly, that Dr. Funk should not have ordered Smith to undergo a treadmill test since it was contraindicated in view of her elevated blood pressure and poor physical condition, and that Dr. Funk failed to diagnose and treat Smith's aneurysm. As to Dr. Macheski, he stated that Dr. Macheski had failed to examine and evaluate Smith properly and should not have performed a treadmill test given her elevated blood pressure. As to the Medical Center, Dr. Pieroni stated that its agents and employees were negligent in allowing the treadmill test to be performed on Smith when it was contraindicated and in not responding timely to Smith's distress after she underwent the test. In conclusion, he opined that defendants' treatment and care of Smith fell below the level of care generally required of medical practitioners under similar conditions and like circumstances and that their failure to adhere to the applicable standards of care proximately caused Smith's death.

" 'The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer.' " *Bowen v. Adams*, 203 Ga. App. 123, 124 (416 SE2d 102) (1992). " 'A Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible. [Cit.]' " *Ulbrich v. Batts*, 206 Ga. App. 74, 75 (424 SE2d 288) (1992). As set forth above, Dr. Pieroni's affidavit provided a factual basis for his opinion of negligence by specifying the dates and the procedure performed on Smith, describing aspects of her condition which in his opinion should have precluded defendants from requiring Smith to undergo such a procedure, and stating that defendants did not immediately come to Smith's aid when she suffered distress following the procedure.

While an unfavorable construction of the affidavit might be possible, construing it most favorably for plaintiffs and resolving all doubts in their favor, we find it met the minimum requirements of OCGA § 9-11-9.1 (a). Although the factual basis set forth in the affidavit was somewhat brief, it was sufficient to support at least one negligent act or omission as to each of the defendants. We reject defend-

ants' contention that the factual basis and allegations of negligence must be contained in separate sentences since nothing in OCGA § 9-11-9.1 specifically requires this. We further reject defendants' contention that any purported facts stated in Dr. Pieroni's affidavit were nothing more than conclusory statements. As noted above, the expert's affidavit need only set forth factual allegations, which if true, support at least one negligent act or omission; it need not state admissible facts or facts sufficient to withstand a motion for summary judgment. See *Bowen*, 203 Ga. App. at 124.

2. Defendant Medical Center also argues the affidavit was insufficient with respect to its registered nurse employees because Dr. Pieroni is not competent to testify that the nurses were negligent. We disagree. Dr. Pieroni opined negligence on the part of the nurses for not timely responding to Smith's distress after she underwent the treadmill test. He stated that he was familiar by his education, training, and experience with the degree of care and skill ordinarily employed by medical practitioners under similar conditions and circumstances as that presented by Betty Smith. Since nursing is a medical profession, we find Dr. Pieroni's statement sufficient to encompass the nursing profession. See *Tye v. Wilson*, 208 Ga. App. 253 (430 SE2d 129) (1993). In any event, Dr. Pieroni's expertise sufficiently overlapped with that of the nursing profession such that he was competent to state that it was negligence for the nurses not to respond to the calls for assistance of a cardiac patient who was in distress after having undergone a treadmill test. It certainly cannot be said that only a nurse would be competent to give expert testimony in this area. See id., 208 Ga. App. at 254.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 23, 1994 —
RECONSIDERATIONS DENIED JULY 28, 1994 —

*Brinkley & Brinkley, Jack T. Brinkley, Jr., Simmons & Toliver, A. Leroy Toliver*, for appellants.

*Layfield, Rothschild & Morgan, W. Donald Morgan, Jr., Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., C. Morris Mullin, Tisinger, Tisinger, Vance & Greer, David H. Tisinger, John A. Harris*, for appellees.