## A94A1604. RIGGINS v. WYATT.
(452 SE2d 577)

BLACKBURN, Judge.

Dr. Richard S. Riggins, M.D., an orthopedic surgeon, appeals the judgment entered on the jury's verdict awarding damages to Vivian R. Wyatt in her medical malpractice action against him. Dr. Riggins performed surgery on Wyatt and installed a device known as a ken nail to repair her fractured hip. Four months later, after the ken nail broke, Dr. Riggins performed a second surgery on Wyatt.

Wyatt filed her complaint against Dr. Riggins ten days before the expiration of the statute of limitation without an expert affidavit. Wyatt noted that an expert affidavit would be filed pursuant to OCGA § 9-11-9.1 (b). After an extension of time granted by the trial court, Wyatt filed the affidavit of Timothy M. Wright, Ph.D., to support her claim of negligence.[1] Dr. Riggins filed a motion to dismiss, alleging Dr. Wright was not an expert competent to testify in this

---

[1] The decision to grant the extension was affirmed by this court in *Emory Clinic v. Wyatt*, 200 Ga. App. 184 (407 SE2d 135) (1991).

medical malpractice case. The trial court denied Dr. Riggins' motion which Dr. Riggins enumerates as error.[2]

"The affidavit required by OCGA § 9-11-9.1 to be filed with a malpractice complaint is insufficient if it fails to show the affiant is competent to testify as an expert in the case. [Cits.]" *Milligan v. Manno*, 197 Ga. App. 171, 172 (397 SE2d 713) (1990). Therefore, the trial court erred in considering Dr. Wright's affidavit as he was not competent to testify as an expert under OCGA § 9-11-9.1.

"[C]ompetency as an expert is not demonstrated by mere familiarity [with the standard of care]. During the course of one's education, training, or experience as a [professor], it is possible to become 'familiar' with the standard of care and treatment generally employed by [a practicing surgeon]. Such familiarity would not, however, qualify one as an expert in that regard. An expert witness is one who through education, training, or experience has peculiar knowledge concerning some matter of science or skill to which his testimony relates. Absent some evidence to show that the affiant's education, training, or experience *as a* [professor] would likewise demonstrate his *similar* expert qualifications as to [a practicing surgeon], the 'exception' in *Milligan*, supra would not be shown." (Citations and punctuation omitted.) *Chandler v. Koenig*, 203 Ga. App. 684, 687 (417 SE2d 715) (1992).

There is no evidence in the present case which shows that Dr. Wright had any expertise as to the standard of care of a practicing surgeon in treating patients with biomechanical devices such as the ken nail. Dr. Wright possesses impressive credentials as a tenured professor of applied biomechanics in surgery at Cornell University Medical College. However, his credentials do not include, as they must, the ability, education, training or experience to perform the necessary surgery or prescribe any care to a patient with a biomechanical device. A person cannot be qualified as an expert in an area where he or she would not be lawfully qualified (by holding a valid state license) to perform the treatment which is the subject of the expert opinion.

This is not a case where an "overlap" of medical expertise allows one in a different profession to testify as to a standard of care applicable to both. See *Avret v. McCormick*, 246 Ga. 401 (271 SE2d 832) (1980). In *Bethea v. Smith*, 176 Ga. App. 467, 470 (336 SE2d 295) (1985), we determined that no overlap of expertise existed "between the orthopedic and podiatric general procedures insofar as the diagnosis and treatment of a fractured ankle [was] concerned." In that

---

[2] Although this case has been to trial twice, Dr. Riggins adequately preserved this issue for appeal.

case, unlike the subject case, the "expert" was a licensed, medical doctor. The trial court erred in determining Dr. Wright was competent to testify as an expert in the present case.

In light of the foregoing, we need not address Dr. Riggins' remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., Andrews, Johnson and Smith, JJ., concur. Pope, C. J., McMurray, P. J., Beasley, P. J., and Ruffin, J., dissent.*

RUFFIN, Judge, dissenting.

I respectfully dissent because I do not agree with the majority's position that one who is otherwise qualified to render an expert opinion should be disqualified merely because he or she is not a practitioner holding a valid state license to perform the treatment which is the subject of the expert opinion.

The Supreme Court of Georgia held in *Avret v. McCormick*, 246 Ga. 401 (271 SE2d 832) (1980), a case cited by the majority, that "[m]edical experts are persons possessing technical and peculiar knowledge, and any person learned in medical or physiological matters is qualified to testify as an expert thereon, *even though he is not a medical practitioner*." (Citation and punctuation omitted.) (Emphasis supplied.) Id. at 401.

Furthermore, this court held in *In the Interest of S. T.*, 201 Ga. App. 37 (1) (410 SE2d 312) (1991), that "[a]n expert is one possessing, in regard to a particular subject or department of human activity, knowledge not acquired by ordinary persons. . . . It is not essential that [an expert] should be actively engaged in the practice of medicine. Nor is it essential that one who really has a scientific education on the subject should . . . have a license to practice from any medical board. . . . Accordingly, a person who is neither a physician nor surgeon can express an opinion on a medical question, when the matter inquired about lies within the domain of the profession or calling which the witness pursues." (Citations and punctuation omitted.) Id. at 38.

"[F]or an affiant to constitute 'an expert competent to testify' under OCGA § 9-11-9.1 (a), the affiant's expertise must include knowledge of the standard of care applicable to the defendant-physician as to at least one of the matters on which the plaintiff's malpractice claim is based." *Chandler v. Koenig*, 203 Ga. App. 684, 685 (417 SE2d 715) (1992).

In the instant case, Wyatt alleged in her complaint that Dr. Riggins "failed to give appropriate directions regarding therapy upon discovering that the ken nail was bent. . . ." Accordingly, in order for Dr. Wright to qualify as an expert in this case, there must be some evidence to show his education, training, or experience as a professor

of applied biomechanics in surgery, would likewise demonstrate his knowledge of the standard of care applicable to surgeons treating patients with biomechanical devices such as the ken nail. *Chandler*, 203 Ga. App. at 687.

Dr. Wright's affidavits show he is a tenured professor of applied *biomechanics in surgery* at Cornell University Medical College, where he teaches medical students and residents the appropriate standards of care involving the installation and use of orthopedic implant devices such as the ken nail. He further states that based upon his training, education, and experience, he is an expert on the proper design, installation, and use of devices such as the ken nail used in this case, including the generally accepted standard of care among physicians and surgeons relating to *instructions to patients and appropriate physical therapy* when such devices are installed. Although Dr. Wright was not a practitioner, his credentials and statements establish he is an expert on biomechanics and a surgeon's standard of postoperative care for patients with biomechanical devices such as the ken nail. There is nothing in the record of this case to suggest the methods of care he teaches to his students, and within his expertise, are any different from those practiced by orthopedic surgeons.

I am authorized to state that Chief Judge Pope, Presiding Judge McMurray and Presiding Judge Beasley join in this dissent.

ON MOTION FOR RECONSIDERATION.

In appellee's motion for reconsideration, she argues that this court overlooked the controlling authority of *Hewett v. Kalish*, 264 Ga. 183 (442 SE2d 233) (1994). However, the trial court did follow the mandates of *Hewett*, supra, by allowing the plaintiff to present a second affidavit supporting the competency of her OCGA § 9-11-9.1 expert. Although the defendant's motion was entitled a motion to dismiss, it was actually treated as a motion for summary judgment by the trial court's allowance of additional evidence and a hearing. Our decision found that the "trial court erred in determining Dr. Wright was competent to testify as an expert in the present case." Therefore, our holding was correct even in light of *Hewett*.

*Motion for reconsideration denied.*

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 — 

*Allen & Peters, Jonathan C. Peters, Gary R. McCain,* for appellant.

*Doffermyre, Shields, Canfield & Knowles, Robert E. Shields, R.*

*Hutton Brown III,* for appellee.