## A96A1542. LEE v. VISITING NURSE HEALTH SYSTEM OF METROPOLITAN ATLANTA, INC. et al.
### (477 SE2d 445)

BEASLEY, Chief Judge.

Defendants' motions to dismiss in this malpractice case were granted for failure to comply with the requirements of OCGA § 9-11-9.1, and Lee appeals.

Hogan, an orthopedic surgeon, performed surgery to repair Lee's fractured knee and prescribed certain post-operative physical therapy, which Lee received from Visiting Nurse Health System ("VNHS"). Lee contends that during one therapy session Darnell, a therapist employed by VNHS or acting as the apparent agent of VNHS, overly flexed his knee in violation of Hogan's specific prescription that it not exceed an angle of 30 degrees. This allegedly caused displacement of the fragments and required a second surgical operation.

Lee sued VNHS and Darnell for malpractice. He stated in his complaint that the period of limitation would expire in less than ten days and that time constraints prevented him from supplying the affidavit of a physical therapist in accordance with OCGA § 9-11-9.1 (a), but that one would be supplied within 45 days. See OCGA § 9-11-9.1 (b). Within that time he submitted an affidavit signed by Dr. Hogan, who averred he was familiar with "the post-operative care of surgical patients and the practices of physical therapists in providing such post-operative care." His examination of the knee and X-rays led him to believe a therapist had flexed the knee more than the 30-degree maximum he prescribed in his post-operative orders, causing the injury. He also testified it was contrary to professional standards for physical therapists to go beyond a maximum flexion prescribed by the attending physician.

Both VNHS and Darnell moved to dismiss the suit under OCGA § 9-11-12 (b) (6), contending Hogan was not competent to so testify. The court first granted VNHS's motion, and Lee appealed, but prematurely because the order pertained only to VNHS and was not a final judgment under OCGA § 5-6-34 (a). Upon remittitur, the court granted Darnell's motion, making the judgment final and prompting this appeal.

In four enumerations, which we treat together, Lee contends the

court erred in granting summary judgment. The court did not explain why it granted VNHS's motion but stated in the order granting therapist Darnell's motion that Hogan was not competent to make the OCGA § 9-11-9.1 affidavit because the therapist and the surgeon are members of different schools of medicine. The court cited *Sandford v. Howard*, 161 Ga. App. 495 (288 SE2d 739) (1982).[1]

" ' "The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer." ' [Cit.]" *Crook v. Funk*, 214 Ga. App. 213, 214-215 (1) (447 SE2d 60) (1994). OCGA § 9-11-9.1 " 'merely imposes an initial *pleading* requirement on the plaintiff.' " (Emphasis in original.) *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994). Pleading rules apply when addressing "whether a plaintiff's action is subject to dismissal under OCGA § 9-11-12 (b) (6); . . . for a complaint to be subject to dismissal for failure to state a claim, the affidavit must ' "disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." ' [Cit.] . . . [A] Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible, so long as such construction does not detract from the purpose of § 9-11-9.1 of reducing the number of frivolous malpractice suits. [Cit.]" (Emphasis in original.) Id. See also *Bowen v. Adams*, 203 Ga. App. 123, 124 (416 SE2d 102) (1992). This rule is to be applied to questions of affiant's competence. *Hewitt*, supra; see *Gadd v. Wilson &c.*, 262 Ga. 234, 235 (416 SE2d 285) (1992).

Application of pleading rules to a competency determination requires "[f]irst, if a plaintiff's complaint would not be subject to dismissal after the application of pleading rules, then there is a reasonable likelihood that the complaint is not frivolous. Second, if a defendant believes that the application of pleading rules would not lead to the conclusion that the plaintiff's expert is incompetent to testify but the defendant nevertheless believes that the plaintiff's expert is in fact incompetent, the defendant may attempt to resolve this discrepancy at a hearing under OCGA § 9-11-12 (d)." (Footnote omitted.) *Hewitt*, supra at 184. The procedure for the hearing is set

---

[1] In one enumeration, Lee addresses VNHS's trial court argument that a separate affidavit must be filed alleging negligence on its part, and that the only affidavit alleged negligence on the part of Darnell individually. The argument fails; if VNHS is liable, it is by operation of respondeat superior through the acts of its professional agent. See *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 64-65 (3) (424 SE2d 632) (1992); *Ga. Physical Therapy v. McCullough*, 219 Ga. App. 744 (466 SE2d 635) (1996). A proper affidavit as to Darnell suffices.

out in *Hewitt* and provides for the presentation of evidence which then converts the motion into one for summary judgment.

Although oral argument was requested, there is no indication a hearing was ever held. In pleadings, the defendants did not present or refer to any evidence that Hogan was not competent to testify. Nothing outside the pleadings was presented, the motion was not converted into a motion for summary judgment, and the court was required to apply pleading rules to the issue of Hogan's competence. Id. at 184-186 (1).

Lee's allegations, together with the affidavit, are not deficient. Although the defendants contend Hogan was not competent as an expert to make the affidavit, "for an affiant to constitute 'an expert competent to testify' under OCGA § 9-11-9.1 (a), the affiant's expertise must include knowledge of the standard of care applicable to the defendant-[professional] as to at least one of the matters on which the plaintiff's malpractice claim is based. This [requirement] is mandated by the language of the statute that the expert affidavit submitted by the plaintiff must specifically set forth 'at least one negligent act or omission' allegedly committed by the defendant-[professional]. To support a claim of medical malpractice, any such 'negligent act or omission' must have been the result of the defendant-[professional's] breach of a duty owed the plaintiff-patient by failing to exercise the requisite degree of skill and care. [Cits.] Since an affiant whose expertise does not encompass the standard of care applicable to the defendant-[professional] in the performance of one of the challenged acts or omissions does not possess the knowledge to opine whether malpractice existed in the defendant-[professional's] performance, as alleged by the plaintiff, such an affiant would not qualify as an 'expert competent to testify' under OCGA § 9-11-9.1 (a)." *Chandler v. Koenig*, 203 Ga. App. 684, 685-687 (417 SE2d 715) (1992).

Hogan's affidavit shows he can "opine whether malpractice existed." He testified he has practiced orthopedic surgery for five years and has extensive experience in knee surgery; that he has become "thoroughly familiar with the post-operative care of surgical patients and the practices of physical therapists in providing such post-operative care"; and that he is familiar with the professional standard of care of physical therapists treating post-operative patients. He states that it is a violation of the professional standards to fail to comply with physician instructions, that his instructions were that the knee not be flexed more than 30 degrees, and that excessive flexion was the probable cause of the injury. This addresses an area concerning "at least one of the matters on which the plaintiff's malpractice claim is based." Id. at 685. In fact, it is the single act alleged to be negligent. This is not a case in which the affidavit fails to show how the affiant has "expert knowledge of the standard

of care" which he addressed. Compare *Piedmont Hosp. v. Milton*, 189 Ga. App. 563, 564 (377 SE2d 198) (1988); *Chandler*, supra at 687. Moreover, as in *Hewett*, supra at 186 (2), the affidavit itself states Hogan is competent to make the affidavit, a conclusion permissible in pleadings.

Nor is this a case of the "overlap" exception to the rule that the plaintiff's expert and the defendant professional be of the same school, such as is illustrated by *Handson v. HCA Health Svcs. &c.*, 264 Ga. 293 (443 SE2d 831) (1994). Although Dr. Hogan is not a physical therapist, Lee does not complain of Darnell's *method* of administering the physical therapy or the *manner* of performance, that is, *how* physical therapy was administered. Compare the overlap or common area of expertise cases of *Tye v. Wilson*, 208 Ga. App. 253 (430 SE2d 129) (1993), and *Nowak v. High*, 209 Ga. App. 536 (433 SE2d 602) (1993). Instead, Lee alleges negligence in the *extent* of the therapy. Had Dr. Hogan simply prescribed physical therapy in general, leaving it up to the physical therapist to exercise professional judgment as to the extent of flexion appropriate to achieve proper healing, then he would have to show he is competent to make that judgment also. That would be an area of overlap, that is, where both the surgeon and the therapist are qualified to fix the maximum degree of flexion to be obtained. In that instance, the expert from a different school would have to show that they share a common area of expertise, in order to be competent to give an opinion that the professional deviated from the standard of care required in that profession. An orthopedic surgeon may be qualified as an expert regarding the standard of care required of a physical therapist. See *Wade v. John D. Archbold Mem. Hosp.*, 252 Ga. 118 (311 SE2d 836) (1984).

Here the surgeon fixed the maximum degree of flexion, and defendants neither contest his capacity or competency to do so nor show that only physical therapists are qualified to make that decision. In fact, it would be a defense to show that physical therapists are also trained to set the maximum degree (reverse "overlap"), that they are authorized to supersede the specific prescription of the surgeon, and that Darnell did so without negligence in this case. But that does not undermine the sufficiency of Lee's complaint taken together with Dr. Hogan's affidavit. The complaint alleges that the physical therapist exceeded the bounds of the explicit prescription, causing injury. The affidavit confirms that this was the prescription and that the physical therapist's standard of care required this instruction to be followed. The affiant is the expert who set it, and by his qualifications as the ordering physician, who decided the maximum degree of flexion, he was qualified to testify whether the expert in the field competent to carry it out breached the standard of care in changing it. The affidavit adequately establishes, for OCGA § 9-11-

9.1 pleading purposes, the competency of the treating physician who prescribed certain treatment by another health professional to testify that failure to follow the explicit prescription falls short of the required standard of care of that profession.

The defendants contend that, even at the pleading stage, Hogan could testify to the professional standards of physical therapists only if he held a license as one, citing *Riggins v. Wyatt*, 215 Ga. App. 854, 855 (452 SE2d 577) (1994).[2] However, this case, unlike *Riggins*, does not involve an affiant who lacks "expertise as to the standard of care of a practicing [physical therapist] in treating patients" such as Lee. Id. To the contrary, Hogan's affidavit shows his knowledge of the professional standards of physical therapists comes from practicing medicine with their assistance, necessarily involving the practice of their profession. Nor does this case present a question of whether the affiant possesses expert qualifications "similar" to the defendant's. Id. Hogan's expertise comes from his involvement as one who *prescribes* the treatment performed; his expertise was not gained by "similar" experience but by experience that is essentially supervisory. *Riggins* does not control this decision. There the court complied with the procedural requirements of *Hewett*, supra, which was the failing here. *Riggins*, supra at 857.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 23, 1996.

*Thomas J. Hills*, for appellant.
*Drew, Eckl & Farnham, Sean W. Conley, James M. Poe, Downey & Cleveland, Russell B. Davis*, for appellees.

---

[2] The profession of physical therapy is governed by OCGA §§ 43-33-1 to 43-33-20.