A98A1114. SAWYER v. DeKALB MEDICAL CENTER, INC.
(506 SE2d 197)

BEASLEY, Judge.

After being admitted to DeKalb Medical Center ("DMC"), Horace K. Sawyer developed respiratory complications and died. Shortly before the expiration of the two-year statute of limitation (OCGA § 9-3-71 (a)), Mrs. Sawyer sued DMC for medical malpractice and attached the affidavit of Dr. Bryant, who swore that DMC's medical personnel committed at least four acts of negligence. Almost a year later DMC deposed Dr. Bryant, who could not confirm the acts of negligence set forth in the affidavit. Mrs. Sawyer subsequently dismissed the action and within six months refiled in April 1997, this time attaching an affidavit from another physician.

DMC moved for summary judgment, arguing that Dr. Bryant's deposition testimony vitiated his affidavit attached to the original complaint, which in turn rendered that action void under OCGA § 9-11-9.1. DMC reasoned that a void suit could not sustain the renewal action, and thus the running of the statute of limitation required summary judgment. The court agreed.

1. OCGA § 9-2-61 (a) provides that when a plaintiff voluntarily dismisses a timely filed suit, she may within six months refile that suit in a Georgia state court, even though the statute of limitation has run by the time she files the renewal action. Even if the first suit was defective, "[u]nless the case is an absolute nullity, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum."[1]

Since 1987 plaintiffs bringing a medical malpractice action have been required to file with the complaint an affidavit of a competent expert that sets forth at least one negligent act or omission and the

---

[1] *Atlanta &c. R. Co. v. Wilson*, 119 Ga. 781, 786 (47 SE 366) (1904).

factual basis for such.[2] Failure to do so subjects the action to dismissal for failure to state a claim.[3]

In *Patterson v. Douglas Women's Center, P.C.*[4] the plaintiff failed to file an affidavit with her medical malpractice complaint. After the statute of limitation expired, she voluntarily dismissed and refiled within three months. The trial court granted the defendants' motion for summary judgment, holding that the failure to comply with OCGA § 9-11-9.1 rendered the initial action void and incapable of renewal under OCGA § 9-2-61 (a). The decision was reversed.

*Patterson* held that OCGA § 9-2-61 "is remedial and is to be construed liberally. The 'privilege' of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable."[5] *Patterson* construed the failure to file the § 9-11-9.1 affidavit as rendering the complaint voidable, not void, and reversed summary judgment.[6] The affidavit is not intrinsic to the claim but is required for the benefit of defendant, so if defendant does not insist on it, the suit can still be tried on its merits. The suit is not lacking an essential element of such a cause of action, any more than it would if the affidavit was somehow defective or inadequate within its four corners and defendant did not challenge it. The lack of legal perfection would be waived. Thus, under *Patterson* DMC's arguments fail, for even if Dr. Bryant's affidavit were deemed invalid, the failure to file any affidavit at all in the first action would not preclude a renewal action with the proper affidavit.

Within months of the *Patterson* decision, the General Assembly added subsection (f) to OCGA § 9-11-9.1 to carve out an exception to *Patterson*: "If a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such an affidavit in its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation," unless plaintiff simply failed to attach an existing affidavit to the complaint by mistake.[7]

Subsection (f) of OCGA § 9-11-9.1 does not apply to Sawyer's case. When DMC moved for summary judgment, the only evidence or pleadings it filed from the previous action were the complaint, Dr. Bryant's affidavit, and Dr. Bryant's deposition. DMC provided no evi-

---

[2] OCGA § 9-11-9.1 (a); see Ga. L. 1987, pp. 887, 889-890, § 3.

[3] *Lutz v. Foran*, 262 Ga. 819, 824 (4) (427 SE2d 248) (1993).

[4] 258 Ga. 803 (374 SE2d 737) (1989).

[5] Id. at 804 (3); see *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

[6] 258 Ga. at 804 (4).

[7] Ga. L. 1989, pp. 419, 421-422, § 3. In 1997, the General Assembly amended this subsection, which amendment does not apply to actions filed before July 1, 1997. Ga. L. 1997, pp. 916-917, 919, §§ 1, 2.

dence nor argument that in its initial responsive pleading in the previous action it raised the failure to file a proper affidavit. It is unlikely DMC initially raised any such defense since DMC admits that Dr. Bryant's affidavit per se was sufficient under OCGA § 9-11-9.1 and that it was only Dr. Bryant's subsequent deposition testimony that rendered it defective by comparison. Movant DMC bore the burden of indisputably establishing that under OCGA § 9-11-9.1 (f) it was entitled to summary judgment, and it failed to do so.[8]

2. Even if DMC had shown it raised the issue in its initial responsive pleading in the prior action, DMC's position is not tenable. Mrs. Sawyer was required to file "an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim."[9] DMC concedes these requirements were met: Dr. Bryant was qualified to testify, he personally swore before a notary public to the truth of the statements contained in the affidavit he (not the lawyers) drafted, and he specified the factual basis for four separate acts of negligence by DMC medical personnel.[10]

DMC contends that Dr. Bryant's subsequent deposition testimony voided the affidavit and consequently the complaint. DMC reasons that under *Prophecy Corp. v. Charles Rossignol, Inc.*,[11] Dr. Bryant's affidavit must be construed against Mrs. Sawyer because he could not confirm the acts of negligence set forth in the affidavit.

DMC's reasoning misapprehends the law in at least three respects. First, "[t]he purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer. OCGA § 9-11-9.1 merely imposes an initial *pleading* requirement on the plaintiff. Pleading rules apply when addressing whether a plaintiff's action is subject to dismissal under OCGA § 9-11-12 (b) (6); for a complaint to be subject to dismissal for failure to state a claim, the affidavit must *disclose* with certainty that the plaintiff would not be entitled to relief under any state of provable facts. A Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of

[8] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[9] OCGA § 9-11-9.1 (a).

[10] See *Carnes v. Carnes*, 138 Ga. 1, 6 (3) (74 SE 785) (1912) ("[i]n order to make an affidavit, there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath"); *Schmidt v. Feldman*, 230 Ga. App. 500, 501 (1) (497 SE2d 23) (1998) (same); *Crook v. Funk*, 214 Ga. App. 213, 214-215 (1) (447 SE2d 60) (1994) (need only specify factual basis for one act of negligence).

[11] 256 Ga. 27 (343 SE2d 680) (1986).

the affidavit may be possible, so long as such construction does not detract from the purpose of § 9-11-9.1 of reducing the number of frivolous malpractice suits."[12] Reversing the trial court's summary judgment for defendant, *Fidelity Enterprises v. Beltran*[13] applied these principles in the context of a renewal action to hold valid the affidavit filed in the original action.

Second, "[t]he rule in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986) — that a party/witness' testimony is to be construed against him when self-contradictory — does not apply to the testimony of a third-party witness."[14] Dr. Bryant was a third party to the action between Mrs. Sawyer and DMC. Finally, even ignoring that impediment, *Prophecy Corp.* does not require us to construe Dr. Bryant's affidavit against Mrs. Sawyer. *Prophecy Corp.* set forth the rule that on summary judgment "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is contradictory, vague or equivocal."[15]

The validity of an affidavit for OCGA § 9-11-9.1 purposes is not a summary judgment question; it is a motion to dismiss question. "Unlike OCGA § 9-11-56, which imposes an *evidentiary* requirement in the context of summary judgment on the merits, OCGA § 9-11-9.1 merely imposes an initial *pleading* requirement on the plaintiff in a malpractice action. Accordingly, an expert affidavit which would be insufficient to satisfy the evidentiary standards of OCGA § 9-11-56 may nevertheless be sufficient to satisfy the pleading standards of OCGA § 9-11-9.1."[16] Unlike *Prophecy Corp.*, the affidavit is to be construed favorably to the plaintiff.[17]

The *Prophecy Corp.* rule also does not apply because in determining the sufficiency of an affidavit under OCGA § 9-11-9.1, "consideration of essential evidentiary matters not included in the affidavit is improper."[18] We "limit our consideration to the four corners of the affi-

---

[12] (Citations and punctuation omitted; emphasis in original.) *Lee v. Visiting Nurse Health System &c.*, 223 Ga. App. 305, 306 (477 SE2d 445) (1996); see *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994); *Gadd v. Wilson & Co.*, 262 Ga. 234, 235 (416 SE2d 285) (1992).

[13] 214 Ga. App. 205 (447 SE2d 150) (1994).

[14] *Allen v. King Plow Co.*, 227 Ga. App. 795, 799 (4) (490 SE2d 457) (1997); see *Miller v. Douglas*, 235 Ga. 222, 223 (219 SE2d 144) (1975).

[15] (Citations and punctuation omitted.) 256 Ga. at 30.

[16] (Citations omitted; emphasis in original.) *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992); see *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 66 (4) (424 SE2d 632) (1992) ("[a]n expert affidavit, submitted by plaintiffs, has 'a lesser evidentiary standard to meet when used to fulfill the requirement of OCGA § 9-11-9.1 (a),' than when also relied upon as expert testimony to create genuine issues of material fact in the disposition of a motion for summary judgment") (citation omitted).

[17] *Bowen*, 203 Ga. App. at 123-124.

[18] *HCA Health Svcs. of Ga. v. Hampshire*, 206 Ga. App. 108, 110 (2) (424 SE2d 293) (1992).

davit."[19] The question is whether the affidavit as filed is sufficient under OCGA § 9-11-9.1, not whether the affiant will repeat that testimony a year later in a deposition.

The court erred in granting summary judgment to DMC.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 20, 1998.

*Joseph H. King, Jr.,* for appellant.

*Love & Willingham, Jonathan C. Peters, Sullivan, Hall, Booth & Smith, Terrance C. Sullivan, Kevin P. Race, Thomas A. Graham, Elaine W. Whitehurst,* for appellee.

---

[19] *Deal v. Handson,* 210 Ga. App. 499, 500 (1) (436 SE2d 519) (1993), rev'd on other grounds, *Handson v. HCA Health Svcs. of Ga.,* 264 Ga. 293 (443 SE2d 831) (1994).