A08A1844. HOUSTON et al. v. PHOEBE PUTNEY MEMORIAL HOSPITAL, INC. et al.

(673 SE2d 54)

BERNES, Judge.

In this medical malpractice action, Earl and Debra Houston appeal the trial court's dismissal of their complaint filed against Adelaide Posey, a registered nurse, and her employer, Phoebe Putney

Memorial Hospital, Inc. The trial court dismissed the complaint on the ground that the attached affidavit failed to establish the competency of the Houstons' expert and thus was legally insufficient under OCGA § 9-11-9.1. For the reasons discussed below, we reverse.

The complaint alleged that on the night of January 31, 2005, Earl Houston, who was 61 years old, felt dizzy and started vomiting. His wife, Debra Houston, immediately took him to the emergency room at Phoebe Putney. An hour after arriving at the emergency room, Mr. Houston was triaged by Nurse Posey, who noted that he complained of dizziness, vomiting, and sweating. After another hour passed, Nurse Posey rechecked Mr. Houston at the insistence of his wife. Mr. Houston complained of right arm numbness and a "twitch" in his chest. Despite the fact that Mr. Houston was exhibiting "clear signs and symptoms of a stroke," he did not see a physician for another three hours. After Mr. Houston was seen by a physician, it became clear that he had suffered a massive cerebral stroke, ultimately resulting in permanent impairment to the right side of his body.

The Houstons thereafter filed their medical malpractice complaint against Nurse Posey and Phoebe Putney. According to the complaint, Nurse Posey committed professional negligence because she did not thoroughly and correctly triage Mr. Houston. As a consequence of this negligence, Mr. Houston allegedly was not seen by a physician in a timely manner and failed to receive treatments that could have been utilized to treat the onset of his stroke and minimize its harmful effects. The complaint further alleged that Phoebe Putney should be held liable under a theory of respondeat superior for the negligent acts and omissions of Nurse Posey.

Attached to the complaint were the affidavit and curriculum vitae of Melissa Lawrimore, a registered nurse licensed to practice in Georgia with experience working as a family practice nurse, a labor and delivery nurse, and a clinical nursing instructor. She averred that based on her review of the medical records and her education, training, and experience, it was her opinion that Nurse Posey had violated accepted nursing practices by not accurately triaging Mr. Houston and not assuring that he was seen by a physician in a timely manner. She further opined that Nurse Posey's actions "fell below and [were] a deviation from the standard of care employed by careful and prudent nurses, and acceptable to the nursing community generally under the same or similar circumstances for the care of patients."

The defendants answered and moved to dismiss the complaint for failure to state a claim upon which relief could be granted, arguing that the attached affidavit of Nurse Lawrimore was legally insufficient under OCGA § 9-11-9.1. According to the defendants,

the affidavit and curriculum vitae of Nurse Lawrimore attached to the complaint, taken together, showed that she was not competent to testify as an expert on the standard of care. Without conducting an evidentiary hearing and based solely on the complaint and attachments thereto, the trial court granted the defendants' motion. The trial court reasoned that Nurse Lawrimore was not competent to testify because her affidavit and curriculum vitae reflected that she had no experience working as a triage nurse in an emergency room. This appeal followed.

1. The Houstons contend that the trial court erred in dismissing their complaint for failure to file a legally sufficient expert affidavit. In their view, the trial court should have concluded that the affidavit and curriculum vitae of Nurse Lawrimore that were attached to their complaint demonstrated that she was competent to testify as an expert on the applicable standard of care. In light of the liberal pleading rules that apply to a motion to dismiss, we agree.

OCGA § 9-11-9.1 requires a plaintiff in a professional malpractice action to file an affidavit of an expert "competent to testify" or have his or her complaint dismissed for failure to state a claim. See OCGA § 9-11-9.1 (a), (e). In order to be deemed competent to testify under OCGA § 9-11-9.1, an expert must meet the requirements set forth in OCGA § 24-9-67.1. See OCGA § 24-9-67.1 (e); *Spacht v. Troyer*, 288 Ga. App. 898 (1) (655 SE2d 656) (2007). OCGA § 24-9-67.1 (c) provides that an expert is competent to offer his or her opinion on the standard of care only if, at the time of the alleged negligent act or omission, the expert:

(1) Was licensed by an appropriate regulatory agency to practice his or her profession in the state in which such expert was practicing or teaching in the profession at such time; and

(2) In the case of a medical malpractice action, had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:

(A) The active practice of such area of specialty of his or her profession for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; or

(B) The teaching of his or her profession for at least three of the last five years as an employed member of the faculty of an educational institution accredited in the teach-

ing of such profession, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in teaching others how to perform the procedure, diagnose the condition, or render the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue.

. . .

In determining whether these competency requirements have been met and thus whether the plaintiff has filed a legally sufficient expert affidavit under OCGA § 9-11-9.1, courts must be mindful of the procedural posture of the litigation.

OCGA § 9-11-9.1 merely imposes an initial pleading requirement on the plaintiff. Pleading rules apply when addressing whether a plaintiff's action is subject to dismissal under OCGA § 9-11-12 (b) (6); for a complaint to be subject to dismissal for failure to state a claim, the affidavit must disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. A Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible, so long as such construction does not detract from the purpose of § 9-11-9.1 of reducing the number of frivolous malpractice suits. This rule is to be applied to questions of affiant's competence.

(Citations, punctuation and emphasis omitted.) *Lee v. Visiting Nurse Health System &c.*, 223 Ga. App. 305, 306 (477 SE2d 445) (1996). See *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994); *Bowen v. Adams*, 203 Ga. App. 123, 123-124 (416 SE2d 102) (1992).[1] And, because OCGA § 9-11-9.1 imposes nothing more than a pleading requirement, the affidavit can contain conclusory statements regarding the expert's competence. *Hewett*, 264 Ga. at 186 (2) ("[B]ecause [plaintiff's] expert stated that he was competent to testify and

---

[1] The Georgia Supreme Court has noted that
if a defendant believes that the application of pleading rules would not lead to the conclusion that the plaintiff's expert is incompetent to testify but the defendant nevertheless believes that the plaintiff's expert is in fact incompetent, the defendant may attempt to resolve this discrepancy at a hearing under OCGA § 9-11-12 (d).
*Hewett*, 264 Ga. at 184 (1). Such a hearing involves the presentation of evidence and converts the motion into one for summary judgment. Id. at 185 (1).

because such conclusions are permissible in pleadings, the trial court erred by dismissing the complaint.") (citation omitted). See also *Lee*, 223 Ga. App. at 308 (statement in affidavit that expert was competent to testify supported conclusion that the affidavit was legally sufficient); *Crook v. Funk*, 214 Ga. App. 213, 215 (2) (447 SE2d 60) (1994) (affidavit was sufficient to show expert's competency, where expert averred that "he was familiar by his education, training, and experience with the degree of care and skill ordinarily employed by medical practitioners under similar conditions and circumstances as that presented by [the plaintiff]"). Finally, we review de novo a trial court's ruling concerning the legal sufficiency of the expert affidavit. See *Harris v. Emory Healthcare*, 269 Ga. App. 274 (603 SE2d 778) (2004).[2]

Guided by these principles, we turn to the instant case. In her affidavit, Nurse Lawrimore averred:

> I am qualified to express the opinions contained herein, as in my practice I have regularly seen, and taken care of patients in a similar condition to Mr. Houston. I am familiar with the standard of care in this case. In the five years before 2005, I was a practicing nurs[e] for all of those five years.

In the "Experience" section of her attached curriculum vitae, Nurse Lawrimore further noted that from 2003 to the present, she has "[p]erformed telephone triage of patients" and "initial patient survey[s]" while working as an office nurse for a family practice physician. Her curriculum vitae also reflected that from 1996 to 2003, she was employed as a nurse in the labor and delivery unit of a hospital, where, among other things, she "[s]upervised patient care." Additionally, Nurse Lawrimore's curriculum vitae provided that from 1994 to 2003, she served as a college clinical nursing instructor, where she "[s]upervised students performing patient care."

Construed in favor of the Houstons, with all inferences and doubts resolved in their favor, we cannot say that Nurse Lawrimore's affidavit and curriculum vitae disclosed with certainty that she failed to meet the statutory competency requirements. See, e.g., *Allen v. Family Med. Center*, 287 Ga. App. 522, 525-526 (2) (652 SE2d 173)

---

[2] Citing *Cotten v. Phillips*, 280 Ga. App. 280, 283 (633 SE2d 655) (2006), the defendants contend that we should review the trial court's ruling under an abuse of discretion standard. That standard applies where, as in *Cotten*, the trial court conducts a pretrial evidentiary hearing as contemplated by OCGA § 24-9-67.1 (d) to address whether the expert is competent to testify. See *Spacht*, 288 Ga. App. at 898-899 (1); *Nathans v. Diamond*, 282 Ga. 804, 806 (1), n. 8 (654 SE2d 121) (2007). This case presents a different procedural posture.

(2007); *Thurman v. Pruitt Corp.*, 212 Ga. App. 766, 767-768 (1) (442 SE2d 849) (1994); *Nowak v. High*, 209 Ga. App. 536, 538-539 (433 SE2d 602) (1993). See also *Tye v. Wilson*, 208 Ga. App. 253, 255 (430 SE2d 129) (1993) (dismissal of complaint improper where "there is nothing on the face of the affidavit to make it clear that plaintiff's expert would not be familiar with the applicable standard of care to be provided to plaintiff [by the registered nurse defendant]"). Standing alone, Nurse Lawrimore's conclusory statements in her affidavit were legally sufficient to establish competency at the motion to dismiss stage. See *Hewett*, 264 Ga. at 186 (2); *Lee*, 223 Ga. App. at 307-308; *Crook*, 214 Ga. App. at 215 (2).

In reaching the opposite result, the trial court reasoned that Nurse Lawrimore was incompetent to testify because she had never worked as a triage nurse in an emergency room. Notably, however,

> the plaintiff's expert does not have to have knowledge and experience in the same area of practice/specialty as the defendant[.] Instead, . . . the issue is whether the expert has knowledge and experience in the practice or specialty that is relevant to the acts or omissions that the plaintiff alleges constitute malpractice and caused the plaintiff's injuries.

(Punctuation and footnote omitted.) *Nathans v. Diamond*, 282 Ga. 804, 806 (1) (654 SE2d 121) (2007). Here, the relevant area of nursing practice was the assessment and triage of acute patients, and Nurse Lawrimore's affidavit and curriculum vitae showed that she had ongoing practical experience in the area of patient triage, as well as many years of practical and teaching experience in the area of supervising patient care, which presumably included assessing the acuteness of a patient's condition. And, at such an early point in the proceedings, there was nothing to suggest that the assessment and triage of acute patients was exclusively within the professional skills of emergency room nurses. See *McDowell v. Brown*, 392 F3d 1283, 1296 (III) (11th Cir. 2004) (concluding that "[t]he standard of care applicable to nurses is universal," regardless of the setting where nursing is practiced, absent evidence to the contrary presented by the party moving to exclude the expert). Cf. *Carter v. Smith*, 294 Ga. App. 590, 591 (1) (669 SE2d 425) (2008) (plaintiff's expert was competent to testify concerning what the basic examination of a patient by a physician should entail, even if the expert physician had not "ordered an x-ray or CT-scan or admitted anyone to the hospital in the past five years"). Accordingly, Nurse Lawrimore should have been deemed competent to testify under the liberal pleading rules applied to a motion to dismiss.

For these combined reasons, the trial court erred in dismissing

the Houstons' complaint for failure to file a legally sufficient affidavit under OCGA § 9-11-9.1. "The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment," where, as here, the defense has not filed such a motion. (Citation and punctuation omitted.) *Lee*, 223 Ga. App. at 306. We therefore reverse.

2. Based on our decision in Division 1, we need not address the Houstons' remaining enumeration of error.

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 26, 2009.

*Laura M. Shamp*, for appellants.
*Langley & Lee, Carl R. Langley*, for appellees.